# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KEVIN CHARLES FORD,**              :
      **Petitioner**              :              **CIVIL ACTION  NO.  07-01182 (CKK)**
                          :
      **v.**              :
                          :
**JOHN CAULFIELD,**              :
      **Respondent**              :

## FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's pro se petition for a writ of habeas corpus. In support of his petition, the petitioner claims that the U.S. Parole Commission ("the Commission") does not have the authority to revoke his term of supervised release in Superior Court Case No. F6069-01, impose a new term of imprisonment and supervised release, and that the petitioner should receive credit towards the service of his original three-month supervised release term for his time in custody from October 24, 2003 to December 17, 2003. The petitioner also argues that the sentencing court erred in sentencing him to a 90-day term of supervised release for violating the conditions of his probation in F6069-01, and that his counsel at his sentencing and/or probation revocation hearing was constitutionally ineffective.

Because the Commission's authority to supervise and revoke supervised release and to impose a new term of imprisonment and supervised release upon revocation of release is well established, and because the petitioner is not entitled to credit for this time in custody towards his newly imposed period of supervised release, this portion of the petitioner's petition should be summarily denied. To the extent that the petitioner is challenging the legality of his sentence in

F6069-01 on the grounds that the court erred when it imposed a 90 day term of supervised release after the petitioner violated his probation, and by not adequately explaining the consequences of violating supervised release before imposing this sentence, and that he received ineffective assistance of counsel at his sentencing and/or probation revocation hearing, the petitioner's petition should be dismissed because the petitioner has an adequate and effective remedy to challenge the legality of his sentence in F6069-01 in the District of Columbia Superior Court.

## PROCEDURAL HISTORY

On September 17, 2002, the petitioner, Kevin C. Ford, was sentenced in Superior Court Case No. F6069-01 for attempted distribution of heroin to a term of imprisonment of one year, followed by 90 days of supervised release, the execution of which was suspended as to all but time already served, and a term of 12 months of supervised probation. See Exhibit A-1 (Judgment and Commitment Order dated 9/17/02). On July 24, 2003, the petitioner's probation was revoked and he was sentenced to a term of imprisonment of one year, followed by 3 months of supervised release. See Exhibit A-2 at p. 5 (Federal Bureau of Prisons Sentence Monitoring Computation Data) and Exhibit B (Judgment and Commitment Order dated 7/24/03). Because the petitioner had been in custody from his arrest on September 25, 2001 until October 11, 2001 and from May 7, 2002 until December 17, 2002, the Federal Bureau of Prisons determined, on December 17, 2003, that, with credit for time in custody, the petitioner had completed the 12-month prison term as of November 24, 2003. See Exhibit A-2 at p. 6. The petitioner was immediately released from custody on December 18, 2003, at which time he commenced his 3-month supervised release term. See Exhibit A-2 at p. 4.

However, the petitioner failed to report for supervision after his release and, on February 17, 2004, the Commission issued a violator warrant for the petitioner. <u>See</u> Exhibit C (Warrant).[1] The Commission charged the petitioner with failing to report for supervision, using dangerous and habit forming drugs, and failing to report a change in his residence. <u>See</u> Exhibit D (Warrant Application).

On August 18, 2004, the Commission advised the petitioner that he was eligible for an "expedited revocation procedure" pursuant to 28 C.F.R. § 2.66 if he was willing to accept responsibility for his violations, waive his right to a revocation hearing, and consent to revocation on the record. <u>See</u> Exhibit E (Letter dated 8/18/04).[2] The Commission advised the petitioner that, if he agreed to the proposal, it would revoke his supervised release and provide a new term of imprisonment of 12 months and a new term of supervised release of 48 months. <u>Id</u>. at p. 2. On September 1, 2004, the petitioner accepted the Commission's expedited revocation proposal. <u>Id</u>. at p. 3. On September 7, 2004, the Commission, in accordance with the terms of the expedited proposal, issued its decision to revoke the petitioner's supervised release term and impose a new prison term of 12 months, followed by a new term of supervised release of 48 months to commence upon his release from custody. <u>See</u> Exhibit F (Notice of Action).

The petitioner received credit towards the service of the 12 months in prison for the

---

[1] The U.S. Parole Commission has jurisdiction pursuant to D.C. Code §24-133(c)(2) over all offenders serving terms of supervised release imposed by the Superior Court of the District of Columbia under the Sentencing Reform AmendmentAct of 2000.

[2] Under the "expedited revocation procedure," the supervised releasee accepts responsibility for his violations, waives his right to a revocation hearing, consents to the sanction proposed by the Commission, and waives his right to appeal the revocation decision. The Commission considers use of the procedure at 28 C.F.R. § 2.66 in all revocation cases under its jurisdiction, including D.C. supervised releasees.

"extra time" that he had served before being released on December 18, 2003 and, on June 29, 2005, the petitioner was released from custody to begin his 48-month supervised release term. See Exhibit A-2 at p. 4.[3]

The petitioner failed to comply with the conditions of his supervision and, on February 1, 2006, the Commission issued a violator warrant for the petitioner and charged him with failing to report to his supervision officer as directed, failing to submit to drug testing, using dangerous and habit forming drugs, and failing to report a change in his residence. See Exhibit G (Warrant) and Exhibit H (Warrant Application).

On October 19, 2006, the petitioner accepted another expedited revocation proposal from the Commission. See Exhibit I at p. 6 (Letter dated 10/06/06). However, the petitioner advised the Commission that, although he accepted the offer, he did not waive his challenge to the Commission's jurisdiction over him, requested that the Commission review the time that he had already served and noted that he had been arrested for shoplifting in August 2006, and believed that the expedited offer should encompass this charge of shoplifting. Id.

On October 24,  2006, the Commission issued its decision to revoke the petitioner's term of supervised release and imposed a new prison term of 12 months, followed by a new term of supervised release of 36 months. These terms corresponded with the terms of the expedited proposal signed by the petitioner. See Exhibit J. Under the heading "Note" the Commission advised the petitioner that it had determined that it continued to have jurisdiction to revoke his term of supervised release and impose a new term of imprisonment. Id. The Commission also

---

[3]Specifically, the petitioner was given credit for time in custody from November 25, 2003, the date the petitioner should have been released through December 18, 2003, when he was released. See Exhibit A-2 at p. 4.

noted that the petitioner had not been charged with violating his supervised release by committing the offense of shoplifting and thus he would not be awarded credit for time in local custody on that charge. Id.

The petitioner is currently serving his new term of imprisonment and is scheduled to be released on August 10, 2007 to begin his new 36-month term of supervised release. See Exhibit A-2 at p. 2.

## ARGUMENT

The petitioner claims that he should be released because the U.S. Parole Commission does not have the authority and jurisdiction to revoke his supervised release and does not have the authority to impose a new term of imprisonment and supervised release, because he has not been given credit towards the service of his original three-month supervised release term for his time in custody from October 24, 2003 to December 17, 2003, because the sentencing court erred in the imposition of his sentence for violating the conditions of his probation, and that his counsel at his probation revocation hearing was constitutionally ineffective.[4] These arguments

---

[4]Since the filing of the petitioner's petition on June 29, 2007, the petitioner has been transferred to CI Rivers in Winton, North Carolina. However, at the time the petitioner filed his petition, he was an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden John Caulfield. Warden Caulfield is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n., 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'"). Nonetheless, the Court should strike the respondent named in the caption of the petitioner's petition, and substitute the Warden of CI Rivers as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person

are without merit, and for the following reasons, the petitioner's petition should be summarily

denied.

## I.    AUTHORITY OF U.S. PAROLE COMMISSION OVER SUPERVISED RELEASE IS WELL ESTABLISHED

The petitioner's argument that the U.S. Parole Commission does not have the authority to

revoke his term of supervised release and impose a new term of imprisonment and supervised

release is without merit. Under the 1997 D.C. Revitalization Act, the U.S. Parole Commission

was given parole release authority over eligible D.C. felony prisoners.[5]  This transfer of authority

from the former D.C. Board of Parole to the Commission became effective in August, 1998. Two

years later, by the terms of the same Act, the former D.C. Board of Parole was abolished and the

Commission took over the remaining powers regarding the supervision of  D.C. parolees and the

revocation of paroles. §11231(a)(2) of the 1997 D.C. Revitalization Act, 111 Stat. 745, now

codified at D.C. Code §24-131(a)(2). The Revitalization Act also gave the Commission the

authority to revoke terms of supervised release imposed for D.C. offenders who committed their

crimes under the new determinate sentencing scheme that went into effect on August 5, 2000.

§11233(c)(2), 111 Stat. 749, now codified at D.C. Code §24-133(c)(2). Because the petitioner's

offense occurred on September 25, 2001, he was sentenced under the District of Columbia

Sentencing Reform Amendment Act of 2000. See Exhibit K (Replicated Criminal Information

System). Therefore, D.C. Code § 24-403.01 applies, which grants the U.S. Parole Commission

---

detained").

[5]District of Columbia Revitalization and Self-Government Improvement Act of 1997, §11231(a)(1), Pub.L. No. 105-33, 111 Stat. 745 (Aug. 5, 1997), now codified at D.C. Code §24-131(a)(1).

the authority to revoke supervised release for D.C. Code offenders who commit felonies on or after August 5, 2000, and this authority is largely the same authority as is vested in the U.S. District Courts by 18 U.S.C. § 3583. <u>See</u> D.C. Code § 24-403.01(b)(6). Therefore, under the terms of the 1997 D.C. Revitalization Act, the Commission has the authority to determine the conditions of supervised release for the petitioner and decide whether his supervised release should be revoked for violation of the conditions.

Furthermore, the Commission is not required to file a motion with the sentencing court before it imposes a term of imprisonment upon revocation of supervised release, as argued by the petitioner. The Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. <u>See</u> D.C. Code §11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Commission has full authority to grant, deny, or revoke a D.C. felony offender's parole, pursuant to D.C. Code § 24-131(a), and similar authority over persons on supervised release, such as the petitioner, pursuant to D.C. Code §§ 24-133(c)(2), 403.01(b)(6).

The constitutional authority of a parole agency to detain a parolee, and to return the parolee to prison upon an order revoking parole, is well established. <u>See</u> <u>Morrissey v. Brewer</u>, 408 U. S. 471, 478-80, 485-89 (1972); <u>see also</u> <u>United States v. Addonizio</u>, 442 U.S. 178, 188 (1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has been committed . . . to the discretion of the Parole Commission"). A parole agency's exercise of its authority does not violate the separation of powers doctrine and does not unconstitutionally infringe on a judicial function. <u>See</u> <u>Simpson v. Ortiz</u>, 995 F.2d 606, 610-11 (5th Cir.) (Parole Commission did not violate doctrine of separation of powers by establishing parole eligibility

guidelines), <u>cert. denied</u>, 510 U.S. 983 (1993);  <u>Geraghty v. U. S. Parole Comm'n</u>, 719 F.2d

1199, 1211-12 (3rd Cir. 1983) (Commission does not perform a "judicial function" when it grants

and denies parole), <u>cert. denied</u>, 465 U.S. 1103 (1984);  <u>Artez v. Mulcrone</u>, 673 F.2d 1169, 1170

(10th Cir. 1982) (federal parole statute is not an unconstitutional delegation of judicial power and

does not usurp the judicial function;  "[i]n granting or denying parole, the Parole Commission

does not modify a trial court's sentence, but merely determines whether the individual will serve

the sentence inside or outside the prison walls"). Because revocation of parole is not a new

criminal prosecution in any sense, <u>see</u> <u>Maddox v. Elzie</u>, 238 F.3d 437, 443 (D.C. Cir.), <u>cert.

denied</u>, 534 U.S. 836 (2001); <u>cf. id</u>. at 445 ("<u>Morrissey</u>, [<u>supra</u>,] makes clear that parole

revocation is not the continuation of a criminal trial <u>but a separate administrative proceeding at

which the parolee does not possess the same rights as a criminal defendant at trial</u>.") (emphasis

added), the Commission may revoke a released prisoner's parole or supervised release and

impose a new term of imprisonment and supervised release upon revocation.[6]

According to the Commission's regulations, if supervised release is revoked, the

Commission determines whether the releasee should return to prison to serve a new term of

imprisonment and the length of that term. <u>See</u> 28 C.F.R. § 2.218(b). The Commission may

---

[6]For most purposes, supervised release is the functional equivalent of parole and therefore cases interpreting parole are fully applicable to cases involving supervised release. <u>See</u>, <u>e.g.</u> <u>Jones v. United States</u>, 669 A.2d 724, 727 (D.C. 1995) ("A supervised release revocation hearing is the functional equivalent of a probation or parole revocation."); <u>United States v. Armstrong</u>, 187 F.3d 392, 394 (4th Cir. 1999) (no significant conceptual difference between revocation of probation or parole and revocation of supervised release concerning applicability of rules of evidence); <u>United States v. Frazier</u>, 26 F.3d 110, 113-14 (11th Cir. 1994) (same); <u>United States v. Blackshear</u>, 1993 WL 288297, *5 (6th Cir. July 29, 1993) (no underlying difference between probation revocation hearing and supervised release revocation hearings for purposes of applying the exclusionary rule), <u>cert. denied</u>, 510 U.S. 1076 (1994).

require the releasee to serve all or part of the term of imprisonment authorized by D.C. Code §

24-403.01(b)(7). <u>See</u> 28 C.F.R. § 2.219(a). If the Commission imposes a term of imprisonment

that is less than the applicable maximum term authorized by D.C. Code § 24-403.01(b)(7), the

Commission also determines whether to impose a new term of supervised release. <u>See</u> 28 C.F.R.

§ 2.218(b).

Accordingly, the Commission properly exercised its authority to revoke the petitioner's

supervised release and impose a new term of imprisonment and supervised release based on the

petitioner's violations of the conditions of his supervised release, and the petitioner's claims

challenging these actions should be summarily denied.

## II.    THERE IS NO MERIT TO PETITIONER'S ARGUMENT THAT HE SHOULD RECEIVE CREDIT FOR EXTRA TIME THAT HE SERVED TOWARDS HIS SUPERVISED RELEASE TERM.

There is no merit to the petitioner's claim that the time he served in custody from October

24, 2003 until December 17, 2003 should be applied towards the service of his 3-month term of

supervised release imposed by the Superior Court on July 24, 2003. According to the Bureau of

Prisons, the petitioner should have been released on November 24, 2003 but was not in fact

released until December 18, 2003. However, the time the petitioner erroneously spent in custody

can not be applied to reduce his term of supervised release.

Supervised release commences on the date that the person is released from imprisonment.

<u>See</u> D.C. Code § 24-403.01(b)(5); <u>see also</u> 18 U.S.C. § 3624(e). It is settled law that a prisoner

who serves extra time, whether it was served erroneously or not, cannot use that time to reduce

his term of supervised release. <u>See</u> <u>United States v. Johnson</u>, 529 U.S. 53, 58 (2000) ("[t]he

objectives of supervised release would be unfulfilled if excess prison time were to offset and

reduce terms of supervised release."); <u>Williams v. Sherman</u>, 214 Fed.Appx. 264, 266 (3rd Cir.

2007) (term of supervised release "cannot be reduced by reason of excess time served in prison")

(quotation marks and citation omitted); <u>Pettit v. Lehman</u>, 43 Fed.Appx. 8, 9 (9th Cir. 2002)

("extra" time spent in prison cannot be credited against remaining term of supervised release or

financial obligation); <u>Dildabanian v. Samuels</u>, 2007 WL 1876490, *3 (D.N.J. June 26, 2007)

("the length of a term of supervised release cannot be reduced by reason of excess time served in

prison") (quotation marks and citation omitted).[7] Accordingly, the petitioner was not entitled to

have that time applied to the completion of his supervised release term.[8]

## III.    CLAIMS CHALLENGING LEGALITY OF PETITIONER'S SENTENCE SHOULD BE DISMISSED BECAUSE PETITIONER HAS FAILED  TO DEMONSTRATE THAT HIS LOCAL REMEDY IS INADEQUATE OR INEFFECTIVE

The petitioner also claims that the court erred in the imposition of his sentence after he

violated the conditions of his probation, that he was not advised of the consequences of violating

supervised release, and that his counsel at his sentencing and/or probation revocation hearing was

constitutionally ineffective. These claims should be summarily dismissed because these claims

should be raised in the Superior Court of the District of Columbia pursuant to D.C. Code § 23-

---

[7]Assuming <u>arguendo</u>, that the petitioner's 3-month supervised release term commenced on November 24, 2003, the date the Federal Bureau of Prisons  determined that he should have been released, his supervision would not have expired before February 17, 2004, when the Commission issued the warrant charging him with violating the conditions of supervised release. Therefore,  the Commission had jurisdiction to issue a warrant for him, even if he receives credit for the extra time that he served.

[8]However, the Federal Bureau of Prisons has given the petitioner credit for this time towards his 12- month prison term that the Commission required him to serve after it revoked his term of supervised release on September 7, 2004. <u>See</u> Exhibit A-2 at p 4.

110.[9] This Court does not have jurisdiction to address the merits of these claims unless the petitioner has shown that his remedy under D.C. Code § 23-110 is "inadequate or ineffective." Because the petitioner has not shown that his remedy under § 23-110 was "inadequate or ineffective," this Court does not have jurisdiction to reach the merits of these claims.

Individuals serving sentences imposed by Superior Court generally may not use 28 U.S.C. §§ 2241 or 2254 to challenge the validity of a conviction or sentence (as distinguished from challenging how a sentence is executed). Instead, these individuals (such as the petitioner) must pursue any post-conviction relief in Superior Court under D.C. Code § 23-110. See Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam) ("Since passage of the Court Reform Act. . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court–the Superior Court–pursuant to D.C. Code § 23-110."); Garris v. Lindsay, 794 F.2d 722, 725-26 (D.C. Cir.) (per curiam) (same, and noting that a defendant who does not succeed in his or her motion for post-relief may appeal to the District of

---

[9]The petitioner has already raised some of these claims with the sentencing court. On January 27, 2005, the Honorable Ann O'Regan Keary denied the petitioner's arguments that the Commission did not have the authority to revoke his term of supervised release, that he was not properly advised of the terms of supervised release and the consequences of violating his supervised release, and that his counsel was constitutionally ineffective. See Exhibit L (Order dated 1/27/05).

Moreover, there is no merit to the petitioner's argument that the sentencing judge "exceeded the cap" of twelve months, which had presumably been established by the original sentence, when the court revoked his probation on July 24, 2003, and imposed the original sentence of one year incarceration to be followed by a 90-day supervised release term. D.C. Code § 24-304(a) (formerly § 24-104) authorizes the court, upon revocation of probation, to require the defendant to serve the sentence originally imposed, or any lesser sentence. Moreover, "if probation is revoked, the time of probation shall not be taken into account to diminish the time for which he was originally sentenced." Id; see Jones v. United States, 560 A.2d 513, 516 (D.C. 1989) (in sentencing for a violation of probation, the court is limited to the imposition of the sentence originally imposed or a lesser sentence). In the instant case, the defendant was sentenced to the original sentence as authorized by the D.C. Code.

Columbia Court of Appeals), cert. denied, 479 U.S. 993 (1986).

In fact, to the extent that D.C. Code § 23-110 is available to a District of Columbia defendant as a habeas remedy, it is largely an exclusive remedy. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (recognizing this aspect of D.C. Code § 23-110). As stated in D.C. Code Section 23-110(g), neither the Superior Court nor any other court may entertain an application for a writ of habeas corpus if the defendant failed to seek relief or was denied relief under Section 23-110, unless the remedy offered by that statute is inadequate or ineffective.[10] Thus, "a District of Columbia prisoner has no recourse to federal judicial forum unless the local remedy [23-110] is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra, 794 F.2d at 726; Patterson v. United States, 2007 WL 1760926, *1 (D.D.C. June 18, 2007); Hicks v. Williams, 2005 WL 3560678 at *2 (D.D.C. Dec. 28, 2005); see also Swain v. Pressley, 430 U.S. 372, 377, 381 (1977) (recognizing that Section 23-110 includes an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court," unless it appears that the remedy under 23-110 is inadequate or ineffective).

In the instant case, this Court can only have jurisdiction over the petitioner's claims challenging the legality of his Superior Court sentence if the petitioner can show that the remedy

---

[10]D.C. Code § 23-110(g) provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

available under Section 23-110 is inadequate or ineffective. The petitioner cannot make this

showing.[11]  The fact that the petitioner did not avail himself of this remedy or that his claims may

now be procedurally barred as a successive motion under 23-110 or as not raised in or during his

direct appeal is not dispositive.[12]  Instead, the relevant question is whether the remedy itself is

effective. See Garris, supra, 794 F.2d at 727 (explaining that "[i]t is the inefficacy of the remedy,

not a personal inability to utilize it, that is determinative"); see also Smith v. Bledsoe, 2005 WL

583128, *1 (D.C. Cir. March 11, 2005) ("The section 23-110 is not considered inadequate or

---

[11]A remedy is inadequate and ineffective if it denies a defendant "any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In Re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (emphasis in original and internal quotation marks and citation omitted); see also Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (surveying cases discussing the inadequate or ineffective standard under Section 2255 and holding that Section 2255 is inadequate or ineffective only for claims (1) that are based on "retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) that are "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion"). The petitioner in the instant case does not meet this standard, nor does he even attempt to do so.

[12]If the petitioner were to raise these claims in Superior Court, they may be procedurally barred. Because the petitioner has previously raised most, if not all, of his claims with the sentencing judge, further motions raising these claims may be procedurally barred as a second or successive § 23-110 motion. The Superior Court is not required to entertain a "second or successive" § 23-110 motion that raises the same claims alleged, and rejected, in an earlier § 23-110 motion by the same prisoner, unless the ends of justice require that the claim be consider anew. See Minor v. United States, 647 A.2d 770, 776 (D.C.), cert. denied, 536 U.S. 935 (1995); D.C. Code § 23-110(e). Further, just as a federal defendant must raise an available challenge to his conviction on direct appeal rather than on collateral attack, see, e.g., Frady v. United States, 456 U.S. 152, 167 (1982), "[w]here a [D.C. prisoner] has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack [under § 23-110] unless he shows both cause for his failure to do so and prejudice as a result of his failure." Head v. United States, 489 A.2d 450, 451 (D.C. 1985). With regard to the petitioner's ineffective assistance of counsel claims, he is required to raise an ineffective assistance claim in a § 23-110 motion during the pendency of his direct appeal, rather than in a subsequent § 23-110 motion, unless he can show "cause and prejudice" from his failure to do so. See, e.g., Washington v. United States, 834 A.2d 899, 902-03 (D.C. 2003).

ineffective simply because the requested relief has been denied"); Byrd, supra, 119 F.3d at 38

(fact that defendant cannot successfully raise claim through Section 23-110 motion does not

necessarily render the remedy inadequate or ineffective); Ford v. Rios, 2007 WL 1545940, *1

(D.D.C. May 29, 2007) ("Nor is the remedy under § 23-110 inadequate or ineffective 'merely

because [petitioner was unsuccessful when he invoked them.'") (quotation marks and citation

omitted); Hicks, supra, 2005 WL 3560678 at *2 ("A prisoner's lack of success in a collateral

attack of his conviction and sentence by means of a motion under D.C. Code § 23-110 does not

render this remedy inadequate or ineffective."); Lyons v. Federal Bureau of Prisons, 2005 WL

3211417 at *2 (D.D.C. Nov. 14, 2005) (fact that petitioner was procedurally barred from re-

litigating issues raised on direct appeal, issues not raised during pendency of direct appeal, or

from filing a successive motion did not render D.C. Code § 23-110 an ineffective or inadequate

remedy); Hudson v. United States, 1991 WL 241944 at *3 (D.D.C. Oct. 31, 1991) (petitioner

failed to show that § 23-110 was an inadequate or ineffective remedy even for those claims not

previously asserted by petitioner in his prior § 23-110 motions); Peoples v. Roach, 669 A.2d 700,

702 (D.C. 1995) (noting that "appellant's inability to bring his latest application for relief as a §

23-110 motion does not render the remedy under § 23-110 'inadequate or ineffective' within the

meaning of § 23-110(g), and therefore does not permit the Superior Court or any other court to

entertain his petition for a writ of habeas corpus").[13]

---

[13]As to that question (whether Section 23-110 provides an adequate and effective
remedy), the Supreme Court and the United States Court of Appeals for the District of Columbia
Circuit already have held that Section 23-110 provides an adequate and effective remedy
because, inter alia, Superior Court judges are presumptively competent to decide federal
constitutional issues, and the scope of the remedy under Section 23-110 is commensurate with
habeas corpus (and with 28 U.S.C. § 2255). See Swain, supra, 430 U.S. at 382-84; Garris, supra,
794 F.2d at 726; see also Saleh v. Braxton, 788 F.Supp. 1232, 1232 (D.D.C. 1992) (noting that

Furthermore, the federal courts of appeals consistently have held that 28 U.S.C. § 2255, the model for D.C. Code Section 23-110, is not inadequate or ineffective merely because the petition for a writ of habeas corpus would have been procedurally barred. See, e.g., Poindexter v. Nash, 333 F.3d 372, 378 (2nd Cir. 2003) (articulating this rule), cert. denied, 540 U.S. 1210 (2004); Hernandez-Pauturi v. Bureau of Prisons, 2000 WL 628223 at *1 (D.C. Cir. April 25, 2000) (per curiam) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been denied permission to file a second or successive § 2255 motion, or because the petitioner is procedurally barred from pursuing relief under § 2255."); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) ("[t[his Court and other Courts of Appeal have consistently noted that a prior unsuccessful Section 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy"); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases); Boyer v. Conaboy, 983 F.Supp. 4, 8 (D.D.C. 1997) ("[a] petitioner may not complain that the remedies provided him by [§ 2255] are inadequate merely because he was unsuccessful when he invoked them") (quotation marks and citation omitted).

It is clear that the petitioner's claims attacking the legality of his sentence and the effectiveness of his counsel are the kinds of claims routinely brought pursuant to D.C. Code § 23-110, and therefore there is no question that Section 23-110 provides an adequate and effective remedy for these post-conviction challenges to his conviction and sentence. See, e.g., United States v. Little, 851 A.2d 1280 (D.C. 2004) (affirming court's granting of 23-110 motion

---

"[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," and dismissing petition for a writ of habeas corpus for lack of jurisdiction).

alleging ineffective assistance of trial counsel); <u>Louis v. United States</u>, 862 A.2d 925, 929 (D.C. 2004) (affirming court's denial of 23-110 motion alleging government misconduct by breaching terms of plea agreement); <u>Pinkney v. United States</u>, 851 A.2d 479 (D.C. 2004) (affirming court's denial of 23-110 motion alleging ineffective assistance of trial counsel); <u>Butler v. United States</u>, 836 A.2d 570 (D.C. 2003) (same); <u>Blair v. United States</u>, 791 A.2d 52 (D.C. 2002) (affirming court's denial of 23-110 motion alleging an illegal sentence based on flawed indictment and ineffective assistance of trial counsel); <u>Wu v. United States</u>, 798 A.2d 1083 (D.C. 2002) (affirming court's denial of 23-110 motion challenging lawfulness of consecutive sentences and alleging ineffective assistance of counsel). Because D.C. Code § 23-110 provides the petitioner with an adequate and effective remedy, this Court lacks jurisdiction to consider the merits of this portion of the petitioner's petition for a writ of habeas corpus. <u>See</u> <u>Swain</u>, <u>supra</u>, 430 U.S. at 377, 381 (recognizing that federal courts may not entertain petitions for habeas corpus from petitioners serving sentences imposed by Superior Court if Section 23-110 provides an adequate and effective remedy); <u>Garris</u>, <u>supra</u>, 794 F.2d at 726 (same).

Accordingly, this portion of the petitioner's federal habeas petition should be dismissed, because the petitioner has failed to demonstrate that his local remedy is inadequate or ineffective.

## **CONCLUSION**

Accordingly, for the foregoing reasons, the petitioner's claims challenging  the execution of his sentence should be summarily denied and his claims challenging the legality of his sentence should be dismissed.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610


   /s/  Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078


   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the Federal Respondents' Opposition  has been filed electronically with the Court and served by mail upon the petitioner, Kevin C. Ford, Sr., Fed. Reg. No. 02076-000, CI Rivers, Federal Correctional Institution, P.O. Box 630, Winton, NC 27986, this 31st day of July, 2007.


   /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

-17-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KEVIN CHARLES FORD,** | : | |
| **Petitioner** | : | **Civil Action No. 07-1182(CKK)** |
| | : | **Judge Colleen Kollar-Kotelly** |
| **v.** | : | |
| | : | |
| **JOHN CAULFIED,** | : | |
| **Respondent** | : | |

## ORDER

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, the Federal Respondents' Opposition to the Petitioner's Petition for a Writ of Habeas Corpus and for the reasons stated in the Federal Respondents' Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**, in part, and **DISMISSED** in part, for the reasons set forth in the Federal Respondents' Opposition.

**SO ORDERED** this _____day of _____, 2007.

_____
Colleen Kollar-Kotelly
U.S. District Court Judge

Copies to:

Kevin C. Ford
Fed. Reg. No. 02076-000
CI Rivers
Federal Correctional Institution
P.O. Box 630
Winton, North Carolina 27986

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

# EXHIBIT A-1

United States of America
District of Columbia

Case No.: _F6069-01_

PDID No.: _312-985_

_Kevin C. Find_    vs.

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty  ☒ Guilty to the Charge(s) of _C_

_Attempt Distribution of Heroin_

and having been found guilty by ☐ Jury  ☒ Court, it is hereby **ORDERED** that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby **SENTENCED** to _1 year, 90 days susp exec Release, Execution Sentence suspended to all but time already served; 12 months supervised probation, with first 3 months to be served in STSC Halfway (which defendant is currently located.)_

☐  **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☒  **MANDATORY MINIMUM** term does not apply.

☐  **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐  **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒  **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

☒  Observe the general conditions of probation listed on the back of this order.  _maintain employment_

☐  Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☒  Treatment for: ☐ alcohol problems ☒ drug dependency or abuse as follows: _Continue drug testing and any treatment that is scheduled by probation._

☐  Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

☐  The Court will distribute monies to _____

Costs in the aggregate amount of $ _100.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981 and ☐ have ☒ have not been paid. _40_

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

_9-17-02_
Date

Certification by Clerk pursuant to Criminal Rule 32(d):

_9-17-02_
Date

_____
Judge

_____
Deputy Clerk

Form CD(18)-1040/Oct. 01    _Exhibit A-1_

# EXHIBIT A-2

```
5H     PAR4I   540*23 *              SENTENCE MONITORING        *      07-02-2007
  PAGE 001            *              COMPUTATION DATA           *      13:38:11
                                     AS OF 07-02-2007

  REGNO..: 02076-000 NAME: FORD, KEVIN C


  FBI NO...........: 227174V6          DATE OF BIRTH:
  ARS1.............: RIV/FED WRIT       ARS2.........: 8-A/A-ADMIT
  UNIT.............:                    QUARTERS.....:
  DETAINERS........: NO                 NOTIFICATIONS: NO

  PRE-RELEASE PREPARATION DATE: 07-06-2007

  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
  THE INMATE IS PROJECTED FOR RELEASE:  08-10-2007 VIA FT REL

  --------------------CURRENT JUDGMENT/WARRANT NO: 070 --------------------
  COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
  DOCKET NUMBER...................: F6069-01C
  JUDGE...........................: KEARY
  DATE SENTENCED/PROBATION IMPOSED: 07-24-2003
  DATE SUPERVISION REVOKED........: 08-17-2006
  TYPE OF SUPERVISION REVOKED.....: REG
  DATE COMMITTED..................: 08-17-2006
  HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
  PROBATION IMPOSED...............: NO


  RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

  --------------------CURRENT OBLIGATION NO: 010 -------------------------
  OFFENSE CODE....:  620
  OFF/CHG: 33-541, ATTEMPT DISTRIBUTION OF HEROIN

   SENTENCE PROCEDURE.............: DC SRAA SUPERVISED RELEASE VIOLATION SENT
   SENTENCE IMPOSED/TIME TO SERVE.:   12 MONTHS
   TERM OF SUPERVISION............:   36 MONTHS
   DATE OF OFFENSE................: 09-25-2001




  G0002      MORE PAGES TO FOLLOW . . .
```

GOVERNMENT
EXHIBIT
A-2

```
5H      PAR4I   540*23 *           SENTENCE MONITORING              *      07-02-2007
PAGE 002         *                 COMPUTATION DATA            *      13:38:11
                                   AS OF 07-02-2007
```

REGNO..: 02076-000 NAME: FORD, KEVIN C


- - - - - - - - - - - - - - - - - - - -CURRENT COMPUTATION NO: 050 - - - - - - - - - - - - - - - - - - - - - -

COMPUTATION 050 WAS LAST UPDATED ON 01-04-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-04-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 070 010

```
DATE COMPUTATION BEGAN..........: 08-17-2006
TOTAL TERM IN EFFECT............:    12 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     1 YEARS
EARLIEST DATE OF OFFENSE........: 09-25-2001

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    10-12-2001   10-17-2001

TOTAL PRIOR CREDIT TIME.........: 6
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 08-10-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-10-2007

TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 08-10-2007
PROJECTED SATISFACTION METHOD...: FT REL
```

REMARKS.......: RELEASE AUDIT COMPLETED BY DSCC ON 01-04-07.


G0002       MORE PAGES TO FOLLOW . . .

```
5H     PAR4I  540*23 *          SENTENCE MONITORING        *      07-02-2007
PAGE 003            *           COMPUTATION DATA           *      13:38:11
                                AS OF 06-29-2005

REGNO..: 02076-000 NAME: FORD, KEVIN C


FBI NO...........: 227174V6          DATE OF BIRTH: ████████
ARS1.............: RIV/FED WRIT       ARS2.........: 8-A/A-ADMIT
UNIT.............:                    QUARTERS.....:
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 05-25-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  06-29-2005 VIA FT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 060 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F6069-01C
JUDGE...........................: KEARY
DATE SENTENCED/PROBATION IMPOSED: 07-24-2003
DATE SUPERVISION REVOKED........: 07-26-2004
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 09-28-2004
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  620
OFF/CHG: 33-541, ATTEMPT DISTRIBUTION OF HEROIN

  SENTENCE PROCEDURE............: DC SRAA SUPERVISED RELEASE VIOLATION SENT
  SENTENCE IMPOSED/TIME TO SERVE.:    12 MONTHS
  TERM OF SUPERVISION............:    48 MONTHS
  DATE OF OFFENSE................: 09-25-2001




G0002       MORE PAGES TO FOLLOW . . .
```

```
5H    PAR4I  540*23 *           SENTENCE MONITORING        *      07-02-2007
PAGE 004          *           COMPUTATION DATA         *     13:38:11
                              AS OF 06-29-2005
```

REGNO..: 02076-000 NAME: FORD, KEVIN C


------------------------PRIOR COMPUTATION NO: 040 -------------------------

COMPUTATION 040 WAS LAST UPDATED ON 01-06-2005 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 040:   060 010

```
DATE COMPUTATION BEGAN..........: 07-26-2004
TOTAL TERM IN EFFECT............:   12 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    1 YEARS
EARLIEST DATE OF OFFENSE........: 09-25-2001

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                    11-25-2003    12-18-2003
                                    07-24-2004    07-25-2004

TOTAL PRIOR CREDIT TIME.........: 26
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 06-29-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 06-29-2005


ACTUAL SATISFACTION DATE........: 06-29-2005
ACTUAL SATISFACTION METHOD......: FT REL
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: PN

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0
```

                COMPUTATION CERTIFIED BY DCRC ON 01-07-05






G0002       MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *          SENTENCE MONITORING        *    07-02-2007
PAGE 005           *          COMPUTATION DATA           *     13:38:11
                              AS OF 12-17-2003

REGNO..: 02076-000 NAME: FORD, KEVIN C


FBI NO..........: 227174V6           DATE OF BIRTH: ▆▆▆▆▆▆▆▆
ARS1............: RIV/FED WRIT        ARS2.........: 8-A/A-ADMIT
UNIT............:                     QUARTERS....:
DETAINERS.......: NO                  NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  12-17-2003 VIA FT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 050 -----------------------
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F6069-01C
JUDGE..........................: KEARY
DATE SENTENCED/PROBATION IMPOSED: 07-24-2003
DATE COMMITTED.................: 07-24-2003
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO

                FELONY ASSESS  MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.: $00.00         $00.00          $00.00        $100.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  719
OFF/CHG: ATTEMPT DISTRIBUTION OF HEROIN

  SENTENCE PROCEDURE............: DC SRAA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS
  TERM OF SUPERVISION...........:    3 MONTHS
  DATE OF OFFENSE...............: 09-25-2001




G0002      MORE PAGES TO FOLLOW . . .
```

```
5H     PAR4I  540*23 *            SENTENCE MONITORING       *      07-02-2007
PAGE 006          *             COMPUTATION DATA          *    13:38:11
                                AS OF 12-17-2003

REGNO..: 02076-000 NAME: FORD, KEVIN C


-------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-17-2003 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:    050 010

DATE COMPUTATION BEGAN..........: 07-24-2003
TOTAL TERM IN EFFECT............:    1 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    1 YEARS
EARLIEST DATE OF OFFENSE........: 09-25-2001

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    09-25-2001    10-11-2001
                                    05-07-2002    12-17-2002

TOTAL PRIOR CREDIT TIME.........: 242
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 11-24-2003
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-24-2003


ACTUAL SATISFACTION DATE........: 12-17-2003
ACTUAL SATISFACTION METHOD......: FT REL
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: RLW

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0
                    RECEIVED IN MXRO FOR DESIGNATION ON 12/17/03, TIME HAD BEEN
                    SERVED AS OF 11/24/03. MEMO/RELEASE PAPERWORK TO USM TO
                    RELEASE IMMEDIATELY.




G0002       MORE PAGES TO FOLLOW . . .
```

**EXHIBIT B**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
V.

KEVIN C FORD

JUDGMENT IN A CRIMINAL CASE

Case Number:  F 6069 - 01 C

PDID No.  312-985

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S)  C

☐ WAS FOUND GUILTY ON COUNT (S)
AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offense |
|---|---|---|---|
| Count C | ATTEMPT DISTRIBUTION OF HEROIN | | SEPT 25, 2001 |

## SENTENCE OF THE COURT

PROBATION REVOKED, COUNT C, ONE YEAR IN JAIL WITH CREDIT FOR TIME SERVED, FOLLOWED BY THREE MONTHS SUPERVISED RELEASE.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of,

ONE YEAR                    ☐ MANDATORY MINIMUM term of _____ applies

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of  THREE MONTHS

☐ The Court makes the following recommendations to the Bureau of Prisons:

Costs in the aggregate amount of $ 100.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☒ have ☐ have not been paid.

July 24, 2003
Date

_____
Judge

"ANN O. KEARY, Associate Judge"
Name and Title of Judicial Officer

Certification by Clerk pursuant to Criminal Rule 32(d).

July 24, 2003
Date

KAREN W. FRANKLIN
Deputy Clerk

Exhibit B

**U.S. Department of Justice**
United States Parole Commission

**Certificate of Supervised Release**
**District of Columbia Code Offender**

To: _____     PDID No._____     DCDC No._____
              *Name*

Your term of supervised release is _____ months which begins when you are released from imprisonment, unless otherwise provided by law. You must comply with the conditions set forth on this certificate. In addition, when you report to your Supervision Officer after release from custody, your Supervision Officer will notify you of additional conditions that apply to you during your term of supervised release. If you fail to comply with any condition of supervised release, the United States Parole Commission may take action against you. That action may include revoking your term of supervised release.

## CONDITIONS OF RELEASE

1.  You must report in person to your Supervision Officer within 72 hours of release from custody and inform such officer of the place where you will reside. If you are outside the District of Columbia and unable to report to your Supervision Officer within 72 hours, you must contact the nearest U.S. Probation Office for instruction.

2.  You must not leave the Washington, D.C. Metropolitan Area, or other designated district of supervision, without the permission of your Supervision Officer.

3.  You must permit your Supervision Officer to visit you at any time at home or your place of business or work, and must permit the Supervision Officer to seize from your residence, your place of business or work, or your person any material which the officer sees in plain view and believes may constitute contraband.

4.  You must not violate any law or associate with a person engaged in criminal activity. You must not associate with any person who has a criminal record unless permitted to do so by your Supervision Officer.

5.  You must not visit a place where a controlled substance is illegally sold, used, distributed, or administered.

6.  You must not unlawfully possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication), and you must refrain from excessive use of alcohol. You must not possess a firearm, ammunition, or other dangerous weapon.

7.  You must not enter into any agreement to act as an informant or special agent for any law enforcement agency without prior authorization from the U.S. Parole Commission.

**U.S. Department of Justice**
United States Parole Commission

**Recommendation for Imposition of Special
Conditions of Supervised Release**

As the judge who ordered a __3__ month term of supervised release for _Kevin C Ford_

_Name_

PDID No. _312-985_, I recommend that the U.S. Parole Commission impose on the supervised releasee the

following condition(s) of supervised release:

_No contact with or use of illegal
drugs and weapons_

GOVERNMENT
EXHIBIT
B

_A. O. Keary_                                    7/24/03

**Signature (Judge, Superior Court of the District of Columbia)**          _Date_

Form USPC.CSR-1.2
Revised 11/02

# **<u>EXHIBIT C</u>**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Ford, Kevin, Reg. No. 02076-000, DCDC No.        , was sentenced by the Superior Court of

the District of Columbia or the United States District Court to serve a sentence of 1 Year and 3 Months

Supervised Release for the crime of Attempted Distribution of Heroin and was on December 17, 2003

released on supervised release from D.C.-Central Detention Facility with 3 months remaining to be served;


AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission

that said released prisoner named in this warrant has violated one or more conditions of his release;


NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the

District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the

United States, and hold him in your custody either until he is released by order of the Parole Commission,

or until you are authorized to transport him for further custody.


WITNESS my hand and the seal on February 17, 2004

_____
U.S. Parole Commissioner



---

**Ford, Kevin**
**Reg. No. 02076-000    DCDC No.**

# EXHIBIT D

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ..............................Ford, Kevin

Reg. No ..........................**02076-000**
DCDC No.......................**205159**
FBI No...........................**227174V6**
Birth Date......................
Race...............................**Black**

Date.........................................**February 17, 2004**
Termination of Supervision..... **March 16, 2004**
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]
Violation Date......................... **December 20, 2003**
Released.................................**December 17, 2003**

Sentence Length ........... **1 Year and 3 Months Supervised Release**
Original Offense.............**Attempted Distribution of Heroin**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Failure to Report for Supervision**. On 12/17/03, the subject was released from DC Jail to supervision in the District of Columbia. The subject failed to report to CSOSA for supervision as instructed. Subject also failed to report after notice was left at his last reported residence and with his ex-wife. This charge is based on the information contained in the violation report dated 2/3/04 from Community Supervision Officer Saher Khan.
I ADMIT [   ] or DENY [   ] the above charge(s).

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**. On the following date1/5/04, the subject submitted urine specimens which tested positive for the drugs specified:

GOVERNMENT EXHIBIT
D

**Ford, Kevin**
**Reg. No. 02076-000    DCDC No.**



On 1/5/04 for Cocaine and Opiates.
This charge is based on the information contained in the violation report dated 2/3/04 from Community Supervision Officer Saher Khan and the corresponding laboratory report dated 2/10/04.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3  - Failure to Report Change in Residence.**  On 1/14/04, Community Supervision Officer Khan learned that the subject had moved from his last reported residence at 1145 42nd Street, NE, Washington, DC 20019.  The subject has failed to advise his Community Supervision Officer of his current address and his whereabouts are unknown.  This charge is based on the information contained in the violation report dated 2/3/04 from Community Supervision Officer Saher Khan.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**                    Warrant Recommended By:

Warrant Issued................... **February 17, 2004**        Helen A. Herman, Case Services Dep. Admin.
                                                         U.S. Parole Commission

**Community Supervision Office Requesting Warrant:  General Supervision Unit VIII, 1418 Good Hope Road**

**Ford,  Kevin
Reg. No. 02076-000    DCDC No.**

**EXHIBIT E**





**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

Date: 8/18/04

Vincent Haskell
Public Defender
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Re:    **Kevin Ford**
       **Reg. No. 02076-000**
       **DCDC No.**

Dear Mr. Haskell:

Enclosed you will find a proposal for an expedited revocation determination for the above-named supervised releasee. This program allows the subject to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a new term of imprisonment. If the supervised releasee accepts, a Notice of Action will be promptly issued and the supervised releasee will be transferred to the designated facility for service of the new term of imprisonment. If the supervised releasee declines, an in-person hearing will be arranged under regular procedures.

We are asking that you review the attached proposal with the supervised releasee. If, after this discussion, the supervised releasee accepts the proposal, please advise this office by faxing the signed waiver to **(301) 492-5908**. We would also appreciate notification if the supervised releasee declines the proposal.

If you have any further, questions please call Lori Gobble (301) 492-5821.

Sincerely,

Lori Gobble
Case Operations Assistant

Enclosure

SGH


GOVERNMENT
EXHIBIT
E

**NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE,
MANDATORY RELEASE, OR SUPERVISED RELEASE VIOLATOR
ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE**

**Name:** Ford, Kevin        **Reg. No:** 02076-000        **DCDC No.**

1.      This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your release.

2.      The specific charges upon which these findings are based:

Charge No. 1 - Failure to Report for Supervision

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report Change in Residence

3.      Based on the finding of probable cause and information available to the Commission at this time, if you are revoked after a revocation hearing, your guidelines will be as follows:

Your violation behavior has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). You have been in confinement as a result of your behavior for a total of 1 month(s) as of 8-26-04. Guidelines established by the Commission indicate a range of 12 to 16 months to be served.

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.      Your violation behavior makes you eligible to apply for the following expedited procedure. You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the following action in your case:

• Revoke the term of Supervised Release. You shall serve a new term of imprisonment of 12 months from 7-26-04, the date the warrant was executed. You shall serve a new term of Supervised Release of 48 months following release from custody.

• In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

5.    For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within **14 days of the date noted on the cover letter**. If **the completed form is not received within 14 days**, the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.    You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed new term of imprisonment set forth on this form. I understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of revocation.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_____    _____
Signature                                 Date    9-1-04

_____    _____
Witness                                   Date    9/01/04

_____

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

_____    _____
Signature                                 Date    8-23-04

_____    _____
Witness                                   Date    8.23.04

_____

I wish to request a 14-day extension to consider this proposal.

_____

## SALIENT FACTOR SCORE (SFS-98)

**Name:** Ford, Kevin      **Reg. No:** 02076-000      **DCDC No:**

| Pts | SFS-98 Item Explanations |
|-----|--------------------------|

**0**   **A. - Prior convictions/adjudications (adult or juvenile)**
     None = 3; One = 2; Two or three = 1; Four or more = 0

| Date | Offense & Disposition |
|------|----------------------|
| 3-12-80 | Possession Implements of Crime: 6-26-80: 90 days ESS; 1 yr. Probation. (1-0) |
| 7-25-84 | UCSA Distribution Heroin: 12-19-84, 2 to 6 yrs (2-1); 3 yrs probation; 2-4-87 probation revoked, 2 to 6 yrs imposed. (2-2) |
| 12-9-85 | UCSA Distribution Heroin: 3-9-88, 4 to 12 yrs (3-3) |
| 12-9-85 | UCSA Distribution Cocaine: 3-16-88, 20 months to 5 yrs (concurrent to above)(4-3) Paroled 12-6-90. Revoked 12-91 (4-4). Reparoled 12-12-95. Revoked 11-96. (4-5) Reparoled 9-24-97. Revoked 4-20-99. (4-6) Reparoled 2-5-01. |
| 9-15-93 | Attempted Prison Breach: 5-12-94, 4 Months (5-6) |
| 9-12-94 | Shoplifting: 10-18-94, 90 days, $300 fine ESS; 1 yr. Probation. (occurred while on escape) (6-6) |
| 1-12-98 | Shoplifting: 12-7-99: 60 days confinement; ESS 25 day, 1 yr probation. (7-7) |
| 9-25-01 | Attempted Distribution Heroin: 9-20-02, 1 yr confinement, ESS; 12 months probation; 7-24-03 probation revoked. (8-8) |
| 9-25-01 | Attempt Distribution of Heroin: 7-24-03; 1 yr, 3 months Supervised Release. Paroled 12-7-03. (9-8) |

**0**   **B. - Prior commitments of more than thirty days (adult or juvenile)**
     None = 2; One or two = 1; Three or more = 0

**1**   **C. - Age at current offense/prior commitments**

|   | 26 years or more | +3 or less prior commitments | = 3 |
|---|---|---|---|
|   |   | +4 prior commitments | = 2 |
|   |   | +5 or more commitments | = 1 |
|   | 22-25 years | +3 or less prior commitments | = 2 |
|   |   | +4 prior commitments | = 1 |
|   |   | +5 or more commitments | = 0 |
|   | 20-21 years | +3 or less prior commitments | = 1 |
|   |   | +4 prior commitments | = 0 |
|   | 19 years or less | +any number prior commitments | = 0 |

The subject was age 47 at the time of the current parole violation.

**0**   **D. - Recent Commitment Free Period** *(Three Years)*
     No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

The subject was last released from confinement on 12-20-03.

**0**   **E. - Probation/Parole/Supervised Release/Confinement/Escape Status Violator This Time**

Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1    **F. - Older Offenders**
    If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

2    **TOTAL SCORE**

# **EXHIBIT F**

U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  FORD, Kevin                              Institution:  D.C. CCM/CTF
Register Number:  02076-000
DCDC No:  205-159                               Date:       September 7, 2004

---

### DC SRAA EXPEDITED REVOCATION

As a result of the hearing conducted on 9/1/2004 the following action was ordered:

Revoke the term of Supervised Release. You shall serve a new term of imprisonment of 12 months from 7-26-2004, the date the warrant was executed. You shall serve a new term of Supervised Release of 48 months following release from custody.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Report for Supervision.

Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

Charge No. 3 - Failure to Report Change in Residence.

### REASONS:

Pursuant to the revocation proposal you signed on 9/1/2004, Captioned "Notice to Alleged Parole, Special Parole, or Mandatory Release Violator - Eligibility for Expedited Revocation Procedure")Your violation behavior has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). You have been in confinement as a result of your behavior for a total of 1 month(s) as of 8/26/2004. Guidelines established by the Commission indicate a range of 12 to 16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

GOVERNMENT
EXHIBIT
F

---

FORD 02076-000                              -1-                         Clerk:
Queued: 09-07-2004 16:12:02 BOP-D.C. CCM | FPD-District of Columbia, District of Columbia - DC |

cc:    Vincent Haskell
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Avenue, N.W.
       Room 1400
       Washington, DC 20001
       Attn: Karen Brown

       CSS Management Group
       Attn: Sharon Barnes-Durbin, SCSA
       300 Indiana Avenue, NW
       Second Floor, Suite 2149
       Washington, DC 20001



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| | Prior Commitments | | |
| Age | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

# **EXHIBIT G**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Ford, Kevin, Reg. No. 02076-000, DCDC No. 205-159, was sentenced to a term of supervised release by the Superior Court of the District of Columbia or the United States District Court for the crime of Attempted Distribution of Heroin and began serving that term of supervised release on 6/29/2005;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 1, 2006

_____
U.S. Parole Commissioner



_____
**Ford, Kevin**
**Reg. No. 02076-000    DCDC No. 205-159**

# **EXHIBIT H**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

Name.............................. Ford, Kevin
Reg. No........................... 02076-000
DCDC No. ...................... 205-159
FBI No ........................... 227174v6
Birth Date ....................... ▮▮▮▮▮▮▮
Race .............................. **Black**
Sentence Length............. **48 months (SR Violator Term)**
Original Offense .........**Attempted Distribution of Heroin**

Date.......................................**February 1, 2006**
Termination of Supervision .....6/28/2009
Violation Date ..........................11/7/2005
Released...................................6/29/2005

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 11/7; 11/22; 12/6 and 12/15/05 as directed and has failed to make himself available for supervision This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 11/8; 11/10; 12/6; 12/13; 12/15/05. This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall.
**I ADMIT [   ] or DENY [   ] this charge.**



GOVERNMENT
EXHIBIT

**Ford, Kevin**
**Reg. No. 02076-000    DCDC No. 205-159**



**Charge No. 3 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine on 12/1/05

Opiates on 12/1/05

This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall and corresponding drug report.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 4 - Failure to Report Change in Residence.** The releasee left his last known residence on or before 12/6/05 and failed to report a new residence to the supervising officer within 48 hours. The releasee's whereabouts are unknown. This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall.

**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**                              Warrant Recommended By:

Warrant Issued.................. **February 1, 2006**          Jequan S. Jackson, Case Analyst
                                                                                            U.S. Parole Commission

Community Supervision Office Requesting Warrant: **Mental Health Unit-Team 54, 300 Indiana Avenue**

**Ford, Kevin**
**Reg. No. 02076-000    DCDC No. 205-159**

# EXHIBIT I





**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile :(301) 492-5525*

Date: October 6, 2006

Ms. Mona Asiner
Staff Attorney
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Re:    **FORD, KEVIN**
       **Reg. No: 02076-000**
       **DCDC No: 205-159**

Dear Ms. Asiner,

I have enclosed an expedited revocation proposal for the above-named releasee. This expedited revocation procedure allows the releasee to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a decision on the record. If the releasee accepts, the Commission will promptly issue a Notice of Action and arrange for the releasee to be transferred to a designated facility for service of the violation term. If the releasee declines, the Commission will arrange an in-person hearing under regular procedures.

Please review the attached proposal with the releasee and then fax the signed <u>Response to Expedited Revocation Proposal</u> to my attention at **(240) 437-0256.**

**Note:** The signed <u>Response to Expedited Revocation Proposal</u> must be received by the Commission **within 14 days of the date of this letter** for the Commission to accept the releasee's application for an expedited revocation determination. If the <u>Response to Expedited Revocation Proposal</u> is not received within 14 days, the releasee will have an in-person hearing, and the proposed decision will not be binding on the Commission.

If you have any further questions, please call me at (301) 492-5821, ext. 171

Sincerely,

*Lori Gobble*

Lori Gobble,
Case Operations Assistant

Enclosure



Expedited Revocation Proposal FORD KEVIN 02076-000

# Expedited Revocation Proposal



| Name: **FORD, KEVIN** | Reg. No: **02076-000** | DCDC No: **205-159** |

**I.**     The Parole Commission has found that you have violated the conditions of your release.

**II.**     The Commission has found probable cause on the following charges:

Charge No. 1 - Failure to Report to Supervising Officer as Directed

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Use of Dangerous and Habit Forming Drugs

Charge No. 4 - Failure to Report Change in Residence

**III.**     **SALIENT FACTOR SCORE  (SFS-98)**

|          Items         |          Rules, Scores and Explanations         |

**SFS Item A**    **Rule:**   Prior convictions/adjudications (adult or juvenile)
                                None = 3; One = 2; Two or three = 1; Four or more = 0

          **Score:**    SFS Item A = 0

          **Explanation:** Subject has 9 prior convictions/adjudication

| Date | Offense | Disposition |
|------|---------|-------------|
| 03/12/1980 | Possession Implements of Crime | 6-26-80: 90 days ESS; 1 yr. Probation. (1-0) |
| 07/25/1984 | UCSA Distribution Heroin | 12-19-84, 2 to 6 yrs (2-1); 3 yrs probation; 2-4-87 probation revoked, 2 to 6 yrs imposed. (2-2) |
| 12/09/1985 | UCSA Distribution Heroin | 3-9-88, 4 to 12 yrs (3-3) |
| 12/10/1985 | UCSA Distribution Cocaine | 3-16-88, 20 months to 5 yrs (concurrent to above)(4-3) Paroled 12-6-90. Revoked 12-91 (4-4). Reparoled 12-12-95. Revoked 11-96. (4-5) Reparoled 9-24-97. Revoked 4-20-99. (4-6) Reparoled 2-5-01. |
| 09/15/1993 | Attempted Prison Breach | 5-12-94, 4 Months (5-6) |
| 09/12/1994 | Shoplifting | 10-18-94, 90 days, $300 fine ESS; 1 yr. Probation. (occurred while on escape) (6-6) |

Expedited Revocation Proposal FORD KEVIN 02076-000



| 01/12/1998 | Shoplifting | 12-7-99: 60 days confinement; ESS 25 day, 1 yr probation. (7-7) |
| 09/25/2001 | Attempted Distribution Heroin | 9-20-02, 1 yr confinement, ESS; 12 months probation; 7-24-03 probation revoked. (8-8) |
| 09/26/2001 | Attempt Distribution of Heroin (33-541) (F 6069-01) | 1 year ESS and 1 year probation on 9/20/02 (9-8); Probation revoked on 7/24/03 and he was sentenced to 1 year with 3 months Supervised Release (9-8); Released on 12/17/03; Revoked on 9/7/04 (9-9); Released on 6/29/05. |

**SFS Item B**   **Rule:**   <u>Prior commitments of more than thirty days (adult or juvenile)</u>
None = 2; One or two = 1; Three or more = 0

**Score:**   SFS Item B =   0

**Explanation:** Subject has  9  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

**SFS Item C**   **Rule:**   <u>Age at current offense/prior commitments</u>

| <u>26 years or more</u> | +3 or less prior commitments | = 3 |
| | +4 prior commitments | = 2 |
| | +5 or more commitments | = 1 |
| <u>22-25 years</u> | +3 or less prior commitments | = 2 |
| | +4 prior commitments | = 1 |
| | +5 or more commitments | = 0 |
| <u>20-21 years</u> | +3 or less prior commitments | = 1 |
| | +4 prior commitments | = 0 |
| <u>19 years or less</u> | +any number prior commitments | = 0 |

**Score:**    SFS Item C =   1

**Explanation:** Subject was  49  years old at the commencement of the current offense and had  9  prior commitments.

**SFS Item D**   **Rule:**   <u>Recent Commitment Free Period</u> *(Three Years)*
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1;   Otherwise = 0

**Score:**   SFS Item D =   0



**Explanation: 11/07/2005** - Date of Current Offense.
06/29/2005 - Release to the Community from last commitment

**SFS Item E**    **Rule:**    <u>Probation/Parole/Supervised Release/Confinement/Escape Status Violator</u>
Neither on probation, parole, confinement, or escape status at the time of the current
offense; nor committed as a probation, parole, confinement or escape status violator
this time = 1; Otherwise = 0

**Score:**    SFS Item E =  0

**Explanation:** Subject is a parole/ supervised release violator.

**SFS Item F**    **Rule:**    <u>Older Offenders</u>
If the offender was 41 years or more at the commencement of the current
offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**Score:**    SFS Item F =  1

**Explanation:** Sum of Items A-E = 1   and the offender was 49 years old at the
commencement of the current offense.

**TOTAL SALIENT FACTOR SCORE  =   2**

**IV.    Guidelines**
Your violation behavior has been rated Category One severity because it involved administrative
violations.  Your salient factor score is 2. Your Reparole Guidelines, established by Commission,
indicate a range of 12 - 16 months to be served.

**V.    Expedited Revocation Proposal**
Your violation behavior makes you eligible to apply for the following expedited procedure. You
may, waive your right to revocation hearing, accept responsibility for your conduct, and consent
to revocation on the record. If you do so, the Commission will take the action indicated on the
attached <u>Response To Expedited Revocation Proposal.</u>

For the Commission to approve your application for this revocation procedure, the U.S. Parole
Commission must receive the completed form within 14 days of the date noted on the cover letter. If
the completed form is not received within 14 days, a revocation hearing will be held and the
proposed action will not be binding on the Commission.

You are under no obligation to apply for the expedited revocation procedure. If you do not wish to
waive your right to a revocation hearing and accept the proposed action, please indicate, on the
<u>Response To Expedited Revocation Proposal.</u>, that you decline the proposal. You will be given a
revocation hearing under normal procedures. After your revocation hearing, the Commission, on the
basis of the information available, may take any action authorized by its regulations. Thus, the
action taken by the Commission may be the same, more favorable, or less favorable than the



proposed action. The Commission will not take into account the fact that you chose to have a revocation hearing rather than accept the proposed decision.



## Response To Expedited Revocation Proposal

| Name: **FORD, KEVIN** | Reg No: **02076-000** | DCDC No: **205-159** |

### PROPOSED DECISION

**Revoke the term of supervised release. You shall serve a new term of imprisonment of 12 months from the date the warrant was executed 08/17/2006. You shall serve a new term of supervised release of 36 months following release from custody.**

**In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.**

**After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not warranted.**

---

[X] I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

[ ] I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

[ ] I wish to request a 14-day extension to consider this proposal.

_Mr. Kevin Ford_                    _10-19-2006_
Signature                                  Date

_Witness_                              _10-19-06_
Witness                                  Date

_By accepting this expedited offer Mr. Ford is not waiving his jurisdictional challenge to being under the supervision of the Parole Commission. Mr. Ford requests a review of the time calculation and the time he has served._

Expedited Revocation Proposal FORD KEVIN 02076-000

_with this agreement, Mr. Ford notifies the Parole Commission that he was charged with shoplifting in August 2006. Case #: 2006 CMD 016313_

# EXHIBIT J

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: FORD, Kevin                        Institution: D.C. Correctional Treatment Facility
Register Number: 02076-000
DCDC No: 205-159                         Date:      October 24, 2006

---

### DC SRAA EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited
Revocation Proposal you signed on 10/19/2006:

Revoke the term of supervised release. You shall serve a new term of imprisonment of 12 months from the
date the warrant was executed 08/17/2006. You shall serve a new term of supervised release of 36 months
following release from custody.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that
you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the
treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and
examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from
the use of alcohol and all other intoxicants during and after the course of treatment.

### NOTE:

The Commission has reviewed your time computation and determined that it continues to have
jurisdiction to revoke your term of supervised release and impose a new term of imprisonment. In
addition, the Commission acknowledges your arrest in August 2006 for Shoplifting. However, this charge
did not form part of the basis for the Commission's warrant. In addition, because you spent 15 days or less
in custody on that criminal charge prior to the execution of the Commission warrant, the Commission
would not credit you with any time in custody prior to the execution of the warrant even if the charge had
been added to the warrant application.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Report to Supervising Officer as Directed

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Use of Dangerous and Habit Forming Drugs

Charge No. 4 - Failure to Report Change in Residence

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your
agreement to accept revocation.

---

Queued: 10-24-2006 12:54:09 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Uni
Health Unit-Team 54, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Co
Columbia, District of Columbia - DC |

GOVERNMENT
EXHIBIT

**REASONS:**

Your violation behavior has been rated Category One severity because it involved administrative violations.   Your salient factor score is 2 (see attached sheet). Guidelines established by Commission, indicate a range of 12 - 16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Jessica Stegill
        Mental Health Unit-Team 54
        CSOSA
        300 Indiana Avenue, N.W., Rm 2009
        Washington, D.C. 20001

        Mona Asmer
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin

---

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile); or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| | Prior Commitments | | |
| Age | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 10-24-2006 12:54:09 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Mental Health Unit-Team 54, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

# **<u>EXHIBIT K</u>**

Case Inquiry Screen
07/19/2007

**DOCKET #:2001FEL006069**          **DCTN #:060104351**

| | |
|---|---|
| Defendant: FORD,KEVIN C | |
| aka: FORD, CORNELL HAROLD | B  M  5'08"  180 lbs |
| AUSA: IALBERG | Intake: RIP-DIST HEROIN-PSA 602 |

SSN: ▮▮▮▮▮▮▮
DOB: ▮▮▮▮▮▮▮

ARR#: 06-01-04351
PDID: 312-985
FBI:
CCN: 01-134-645
Bond:

Offense: on 09/25/2001 18:57     at  600 DIVISION AVE NE
Arrest: on 09/25/2001 18:57      at  600 DIVISION AVE NE
by Ofc.: J TYLER B-1501                    RIP Ofc.: TYLER on 10/09/2001
Judge: KEARY,ANN O                        Defense: SCHULTZ,CORINNE

------------------------------------------------------------

## CASE SUMMARY

EVENTS   Event                          Date            Result
  Last:

  Future:

RELEASE CONDITIONS/BOND

 SC Bond:                        Release Status:
Condition:                          Comments:
Case Disp:Plea - Judgment Guilty     Disp Dt: 08/21/2002        Case File Dt:09/26/2001

## CASE COUNTS

COUNT: 1 - UCSA DIST. HEROIN - U833                          Judge: UNKNOWN,UNKNOWN

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | | |

     File date:09/25/2001       Indictment Date:          Trial Type:              Phase:CRT
   Disposition:Grand Jury Indictment Filed        Disposition Date:10/17/2001

CONFINEMENT   Type:                        Min:              Max:
    Sentenced:                                       Suspended:

SUPERVISED RELEASE:                    Suspended?No

COMMUNITY SERVICES/FINES              Svc Hrs:      Restitution Amt:0        Fine Amt:0

PROBATION    Type:                        Reinstmnt Dt:        Revoctn Dt:
    Cond. of Prob:

Page 1 of 4                                    *Exhibit K*

**Case Inquiry Screen**
07/19/2007

**DOCKET #:2001FEL006069**          **DCTN #:060104351**
Defendant: FORD,KEVIN C                                                    SSN:                          ARR#: 06-01-04351
    aka: FORD, CORNELL HAROLD          B  M  5'08"  180 lbs          DOB:                          PDID: 312-985
    AUSA: IALBERG                   Intake: RIP-DIST HEROIN-PSA 602                                 FBI:
Offense: on 09/25/2001 18:57      at 600 DIVISION AVE NE                                           CCN: 01-134-645
  Arrest: on 09/25/2001 18:57      at 600 DIVISION AVE NE                                          Bond:
by Ofc.: J TYLER B-1501                   RIP Ofc.: TYLER on 10/09/2001
  Judge: KEARY,ANN O                   Defense: SCHULTZ,CORINNE

--------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS  Event                              Date              Result
  Last:

  Future:

RELEASE CONDITIONS/BOND

  SC Bond:                        Release Status:
 Condition:                            Comments:
Case Disp:Plea - Judgment Guilty    Disp Dt:08/21/2002    Case File Dt:09/26/2001

## CASE COUNTS

COUNT: 2 - UCSA DIST. HEROIN - 1833                          Judge: KEARY,ANN

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
|  |  |  |

    File date:10/17/2001      Indictment Date:10/17/2001    Trial Type:              Phase:CRT
  Disposition:Plea to Lesser Included Offense        Disposition Date:08/21/2002

CONFINEMENT   Type:                    Min:                Max:
    Sentenced:                                      Suspended:

SUPERVISED RELEASE:                    Suspended? No

COMMUNITY SERVICES/FINES            Svc Hrs:    Restitution Amt:0          Fine Amt:0

PROBATION   Type:                        Reinstmnt Dt:          Revoctn Dt:
    Cond. of Prob:

**Case Inquiry Screen**
07/19/2007

DOCKET #: **2001FEL006069**          DCTN #: **060104351**

| | | |
|---|---|---|
| Defendant: FORD,KEVIN C | | SSN: |
| aka: FORD, CORNELL HAROLD | | DOB: |
| AUSA: IALBERG | B  M  5'08"  180 lbs | |
| | Intake: RIP-DIST HEROIN-PSA 602 | |
| Offense: on 09/25/2001 18:57 | at  600 DIVISION AVE NE | |
| Arrest: on 09/25/2001 18:57 | at  600 DIVISION AVE NE | |
| by Ofc.: J TYLER B-1501 | RIP Ofc.: TYLER on 10/09/2001 | |
| Judge: KEARY,ANN O | Defense: SCHULTZ,CORINNE | |

ARR#: 06-01-04351
PDID: 312-985
FBI:
CCN: 01-134-645
Bond:

--------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS  Event                          Date              Result
  Last:

  Future:

RELEASE CONDITIONS/BOND

  SC Bond:                      Release Status:
  Condition:                    Comments:
  Case Disp: Plea - Judgment Guilty      Disp Dt: 08/21/2002      Case File Dt: 09/26/2001

--------------------------------------------------------------------------------

## CASE COUNTS

COUNT: 3 - ATT. DIST. HEROIN - 1421                    Judge: KEARY,ANN

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | | |

      File date: 08/21/2002      Indictment Date: 08/21/2002    Trial Type:              Phase: CRT
  Disposition: Found Guilty - Plea                Disposition Date: 08/21/2002

CONFINEMENT   Type:                      Min:              Max:
      Sentenced: 1 Yrs                          Suspended:

SUPERVISED RELEASE:              Suspended? No

COMMUNITY SERVICES/FINES          Svc Hrs:      Restitution Amt: 0        Fine Amt: 0

PROBATION    Type:                      Reinstmnt Dt:        Revoctn Dt:
      Cond. of Prob:

Case Inquiry Screen
07/19/2007

**DOCKET #: 2001FEL006069**          **DCTN #: 060104351**

**Defendant:** FORD, KEVIN C                                               **SSN:** ▓▓▓▓▓             **ARR#:** 06-01-04351
**aka:** FORD, CORNELL HAROLD          B  M  5'08"   180 lbs     **DOB:** ▓▓▓▓▓          **PDID:** 312-985
**AUSA:** IALBERG                    **Intake:** RIP-DIST HEROIN-PSA 602                      **FBI:**
**Offense:** on 09/25/2001 18:57   **at** 600 DIVISION AVE NE                          **CCN:** 01-134-645
**Arrest:** on 09/25/2001 18:57   **at** 600 DIVISION AVE NE                          **Bond:**
**by Ofc.:** J TYLER B-1501              **RIP Ofc.:** TYLER on 10/09/2001
**Judge:** KEARY, ANN O                 **Defense:** SCHULTZ, CORINNE

-------------------------------------------------------------------------------------------------------

**WARRANT INFORMATION**

| | |
|---|---|
| **Warrant No:** | **Alert Type:** Probation Violation |
| **Issued Date:** 06/20/2003 | **Served Date:**                    **Cancel Date:** 07/07/2003 |
| **Comments:** | |
| **Status** | **Status Date** |

| | |
|---|---|
| **Warrant No:** | **Alert Type:** Failure to Appear |
| **Issued Date:** 10/31/2001 | **Served Date:** 05/07/2002          **Cancel Date:** |
| **Comments:** | |
| **Status** | **Status Date** |

Page 4 of 4

# **EXHIBIT L**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION
## FELONY BRANCH

UNITED STATES OF AMERICA    :
      :
      v.      :    **Criminal No. F-6069-01**
      :    **Judge Keary**
KEVIN FORD,    :
    **Defendant**    :

## ORDER

This matter comes before the court upon consideration of several letters from the defendant received on September 7, 2004, September 13, 2004, September 30, 2004 and October 6, 2004, which the Court will treat as pro se motions.[1] In each of the defendant's letters he makes reference to the September 2004 action of the U.S. Parole Commission revoking his supervised release. His letters seek clarification of the action taken by the Parole Commission revoking his supervised release, and seek relief from this Court related to the Parole Commission's action. Upon full review of defendant's requests, the Court has determined that defendant's motions must be **DENIED**.

Defendant's primary complaint, repeated over his four letters, relates to his contention that this Court, rather than the U.S. Parole Commission, has jurisdiction

---

[1] Garcia v. U.S., 542 A.2d 1237 (D.C. 1988). The defendant had earlier written to the Court, in August 2003, seeking clarification of what time he had left to serve after the Court's July 2003 revocation of his probation. Before this Court had responded to this computation of time question, the defendant was released to supervised release, in December 2003, based upon the Federal Bureau of Prison's computation of his time.

Exhibit L

over his supervised release and its revocation.  Defendant's claim in this regard however is completely without legal support.  After the enactment of the National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. Code § 24-131, the authority to determine and address felony offenders' violation of supervised release rests solely with the U.S. Parole Commission.  Gant v. Reilly, 224 F. Supp. 2d 26, 38 (D.D.C. 2002).  Unlike probation violations, the sentencing court has no jurisdiction over violations of supervised release.  Thus, to the extent the defendant is complaining of the Parole Commission's actions, or the failure of the Commission to consider certain information, this Court has no authority to review such actions, which can only be reviewed by a federal court.[2]

Furthermore, to the extent that the defendant is now suggesting he would like to withdraw his guilty plea, entered over two years ago in 2002, this request is also without merit.  As part of the extensive inquiry done pursuant to Superior Court Criminal Rule 11 when the Court took the defendant's guilty plea on August 21, 2002, the defendant was specifically informed that the Court at sentencing would impose a period of supervised release, like parole, that would begin after his release.[3]  Thus, defendant was on notice of the possibility that violations of these

---

[2]  It must be noted, however, that, it appears that the Parole Commission's revocation decision was based on three separate violations, and that the defendant, while represented by counsel, waived his revocation hearing and accepted the revocation terms proposed by the Parole Commission. Thus, this decision may not be appealable.

[3]  Defendant's suggestion that he wishes to pursue a claim of ineffective assistance of counsel against his attorney because she did not advise him about supervised release is thus, irrelevant, since he was informed of this information by the Court, in either event.  See Strickland v. Washington, 466 U.S. 668, 691 (1984) "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment…any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. At 691.

post-conviction supervised release conditions could result in his being returned to prison.

Lastly, the defendant's requests for transcripts must also be denied. No transcripts are available, as none have been produced of any of the Court proceedings in the above-captioned case, nor would there be a legal basis, in light of the above analysis for the ordering of such transcripts at this time. Defendant's complaint relates to the recent revocation of his supervised release by the U.S. Parole Commission; transcripts of the Superior Court sentencing or probation revocation proceedings would be irrelevant to such issue.

Wherefore, it is, hereby, this $27th$ day of January, 2005,

**ORDERED:** that defendant's motions are **DENIED**.


**ANN O'REGAN KEARY**
**JUDGE**
(Signed in Chambers)


Copies to:

Kevin Ford
Reg. No. 02076-000
Seymour Johnson FPC
1055 Peterson Avenue
Goldsboro, NC 27533

Robert Okun, Esq.
Chief, Special Proceedings Section
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001

3