UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN C. FORD, SR., | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 07-1182 (CKK) |
| | ) |
| JOHN CAUFIELD, *et al.*, | ) |
| | ) |
|     Respondents. | ) |
| | ) |

## DISTRICT OF COLUMBIA'S RESPONSE TO ORDER TO SHOW CAUSE

Petitioner Kevin Ford filed a petition for writ of habeas corpus, challenging his detention at the time at the D.C. Correctional Treatment Facility. The petition names as respondent the Warden of the Facility, John Caufield. As the party in interest, the U.S. Parole Commission has already responded to the order to show cause why the writ of habeas corpus should not issue. As directed by the Court, the District of Columbia, through counsel, respectfully files this separate response to the Court's Order to show cause.

1.    Petitioner claimed, in essence, that he was unlawfully being held at the Correctional Treatment Facility after the U.S. Parole Commission allegedly "increased" his sentence through revocation of his supervised release.

2.    The District of Columbia cannot respond to the merits of the petition because it has no authority over parole matters. Under the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, D.C. Code § 24-101 -131 (2001), the U.S. Congress transferred responsibility for the imprisonment of D.C. felons from the District of Columbia to the Federal Bureau of Prisons, and also transferred the parole authority for such felons from the D.C. Board of Parole to the U.S. Parole Commission. Crawford v. Jackson, 323

F.3d 123, 125-126 (D.C. Cir. 2003). In accordance with that Act, the D.C. Board of Parole has been disbanded, and the U.S. Parole Commission has assumed all its parole functions. This transfer of authority also gave the U.S. Parole Commission authority to revoke the terms of supervised release for D.C. offenders (which for most purposes is the functional equivalent of parole revocation). D.C. Code § 24-133(c)(2). (See USPC Opp. at 6). Thus, the District of Columbia has no ability or authority to respond to the merits of the habeas corpus petition, but will abide by any decision of the Court.

3.      Furthermore, it appears that the District of Columbia is also not a proper respondent because the petitioner has been transferred from the D.C. Correctional Treatment Facility to a federal correctional institution in North Carolina. (See USPC Opp. at 5 n.4).

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

2

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing response was mailed on this __10th__ day of August, 2007, by first-class mail, postage prepaid, to:

Kevin C. Ford, Sr.
Fed. Reg. No. 02076-000
CI Rivers, Federal Correctional Institution
P.O. Box 630
Winton, NC 27986

                                    /s/ Carl J. Schifferle /s/
                                    CARL J. SCHIFFERLE
                                    Assistant Attorney General