**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KEVIN C. FORD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 07-01182 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN CAULFIELD, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PETITIONER'S AMENDED PETITION FOR
A WRIT OF HABEAS CORPUS**

The Petitioner, Kevin C. Ford, through his undersigned attorneys, files this amended petition for a writ of habeas corpus. Mr. Ford is filing this amended petition pursuant to the October 4, 2007 order by Judge Kollar-Kotelly in this case granting Mr. Ford's request for an additional thirty day extension until November 5, 2007 to amend his petition for a writ of habeas corpus (originally filed on June 29, 2007) or to file a reply to the oppositions submitted by Federal Respondents and the District of Columbia.

In support of this amended petition, Mr. Ford alleges as follows:

**INTRODUCTION**

1.      On September 17, 2002, Mr. Ford entered a guilty plea on the charge of attempted distribution of heroin. At this time, Mr. Ford was sentenced to one year in prison plus ninety days of supervised release. The sentence was suspended to all but time already served plus twelve months of supervised probation. On July 24, 2003, Mr. Ford's original sentence of one year of prison plus ninety days of supervised release was re-imposed after Mr. Ford violated the terms of his supervised probation. Mr. Ford was supposed to be given credit on his one year

prison sentence for time already served.  As of July 24, 2003, Mr. Ford had served 265 days of prison time related to his original charge.  Thus, Mr. Ford should have been released on November 1, 2003.  Mr. Ford, for no apparent reason other than Bureau of Prisons' misfeasance, was not released until December 17, 2003.

2.      As a result this error, Mr. Ford has been thrown into a vicious cycle of supervised release, technical violations of supervised release, more incarceration, and more supervised release.  The net result was Mr. Ford's being subject to incarceration and supervised release far in excess of his original sentence of one year of incarceration plus ninety days of supervised release.  Mr. Ford has now served three years of incarceration and is currently subject to an additional thirty-six month term of supervised release.

3.      Mr. Ford, however, should never have been subjected to this additional prison time or his current thirty-six month term of supervised release because the warrant for violating the terms of his original ninety day period of supervised release was not issued until February 17, 2004.  This is after the ninety days period of supervised release should have ended had Mr. Ford been released from prison at the correct time.  Further, the adjudication of the violation of the original ninety day term of supervised release extended beyond the period "reasonably necessary" for adjudication under 18 U.S.C. § 3583(i).  As a result, Mr. Ford respectfully requests that the Court terminate the remaining portion of the thirty-six month term of supervised release, which he is currently serving.

### JURISDICTION AND VENUE

4.      Mr. Ford brings this action under 28 U.S.C. §§ 2241 and 2242, and invokes this Court's jurisdiction under 28 U.S.C. § 1331.

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1391(e)(2) and (3) because a substantial part of the events, acts, or omissions giving rise to the claim occurred in this district and there is no real property involved and the plaintiff resides in the district.

## PARTIES

6.      Petitioner, Kevin C. Ford, is a resident of the District of Columbia and is currently subject to a thirty-six month term of supervised released that was imposed and is being overseen by the United States Parole Commission.

7.      Respondent, the United States Parole Commission, is a United States government agency.   The United States Parole Commission is responsible for administering supervised release for District of Columbia offenders.  See D.C. Code § 24-133(c)(2).

## STATEMENT OF FACTS

8.      On September 25, 2001, Mr. Ford was arrested and charged with distribution of heroin.  See Exhibit A   (Criminal Complaint).  Mr. Ford remained in custody on this charge from September 25, 2001 until October 17, 2001.  See Exhibit B (Federal Bureau of Prisons Sentence Monitoring Computation Data).  He was released on October 17, 2001 pursuant to supervisory custody.  See Exhibit C (Release Order from Superior Court of the District of Columbia).

9.      On October 31, 2001, a bench warrant was issued for Mr. Ford because he failed to appear for arraignment.  See Exhibit D (Bench Warrant from Superior Court of the District of Columbia).  This bench warrant was executed on May 6, 2002.  See Exhibit D.  On September 17, 2002, Mr. Ford pled guilty to attempted distribution of heroin and was sentenced to one year in jail plus ninety days of supervised released.   The sentence was suspended to all but time already served plus twelve months of supervised probation.   The first three months of the

supervised probation were to be served at the halfway house where Mr. Ford was already located.  See Exhibit E (Judgment and Commitment Order).  Accordingly, Mr. Ford served his first three months of supervised probation at the halfway house and was released from the halfway house on December 17, 2002.  See Exhibit F (Release Order).  As of this date, Mr. Ford had served 248 days of time on the original one year sentence.  See Exhibit B.

10.    On May 22, 2003, the Court Services and Offender Supervision Agency for the District of Columbia submitted a probation violation report to Superior Court of District of Columbia for Mr. Ford.  See Exhibit G (Violation Report).  On June 11, 2003, the Superior Court issued a show cause order as to why Mr. Ford's probation should not be revoked or modified. This order set a hearing date of June 20, 2003.  See Exhibit H (Show Cause Order).  A bench warrant was issued for Mr. Ford on June 20, 2003 for failing to appear at the show cause hearing. See Exhibit I (Bench Warrant).  The bench warrant was executed on July 7, 2003 and Mr. Ford was held without bond pending disposition of the alleged probation violation.  See Exhibit I and Exhibit J (Commitment Pending Disposition).  Part of this time, Mr. Ford was at the Howard University Hospital receiving treatment for leg ulcers but he was still in the custody of the D.C. jail.[1]

11.    On July 24, 2003, Mr. Ford's probation was revoked and he was sentenced to one year in prison with credit for time served and three months of supervised release.  See Exhibit K

---

[1] Mr. Ford submitted a subpoena to Howard University on October 17, 2007 seeking his admission records, treatment records, or other records from July 2003.  Notwithstanding Mr. Ford's request to produce these records by October 29, 2007, Howard University has not produced the requested records.  Mr. Ford did not want to delay submission of this amended petition and requests permission to submit an additional exhibit to support his contention that he was being treated at the Howard University Hospital subject to the supervision of the D.C. jail after his July 7, 2003 arrest.

(Judgment).   Including the time Mr. Ford was held pending disposition of the probation violation, Mr. Ford had served 265 days and should have been released on November 1, 2003 after serving an additional 100 days of prison time.  Mr. Ford, however, was not released from prison until December 17, 2003.  See Exhibit B, Page 1.

12.    On February 17, 2004, the United State Parole Commission issued a warrant for Mr. Ford based on alleged violations of the terms of his three-month term of supervised release. See Exhibit L (Warrant).  Mr. Ford was arrested pursuant to this warrant on July 26, 2004.  See Exhibit M (Letter dated August 18, 2004). On August 18, 2004, the United States Parole Commission sent Mr. Ford a proposal for an expedited revocation determination.  See Exhibit M. The proposal was to revoke the term of Mr. Ford's supervised release and impose a new term of imprisonment of twelve months to be followed by a new forty-eight month term of supervised release.  See Exhibit M.  Mr. Ford initially rejected the expedited revocation proposal on August 23, 2004 but then accepted it on September 1, 2004.  See Exhibit M.  After Mr. Ford accepted the expedited revocation proposal, the United States Parole Commission imposed the sentence in the expedited revocation proposal.  See Exhibit N (Notice of Action dated September 7, 2004).

13.    Mr. Ford was released from prison on June 29, 2005 after serving his twelve month term of imprisonment.  See Exhibit O (Certificate of Supervised Release).  On February 1, 2006, the United State Parole Commission again issued a warrant for Mr. Ford based on alleged violations of the terms of his supervised release.  See Exhibit P (Warrant dated February 1, 2006).  This warrant was executed on August 17, 2006.  See Exhibit Q (Letter dated October 6, 2006).  On October 6, 2006, the United States Parole Commission sent Mr. Ford a proposal for an expedited revocation determination.  The proposal was to revoke the term of Mr. Ford's supervised release and impose a new term of imprisonment of twelve months to be followed by a

new thirty-six month term of supervised release.  <u>See</u> Exhibit Q.  Mr. Ford accepted this proposal

on October 19, 2006.   <u>See</u> Exhibit Q.   After Mr. Ford accepted the expedited revocation

proposal, the United States Parole Commission imposed the sentence in the expedited revocation

proposal.  <u>See</u> Exhibit R (Notice of Action dated October 24, 2006).  Mr. Ford was released from

prison on August 10, 2007 after serving his twelve term of imprisonment.  Currently Mr. Ford is

serving the thirty-six month term of supervised release.

<u>**CLAIMS**</u>

**I.    THE FEBRUARY 17, 2004 WARRANT ALLEGING VIOLATIONS OF THE TERMS OF SUPERVISED RELEASE WAS ISSUED AFTER THE TERM OF SUPERVISED RELEASE SHOULD HAVE EXPIRED**

14.    In order for the United States Parole to revoke a term of supervised release, it

must issue a warrant or summons prior to the expiration of the term of supervised release.

Specifically, 18 U.S.C. § 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.* (Emphasis added.)

In cases where a warrant or summons was not issued prior to the expiration of the defendant's

term of supervised release, courts have found that they do not have jurisdiction to revoke the

defendant's supervised release.  <u>See, e.g.</u>, <u>U.S. v. Hazel</u>, 106 F. Supp. 2d 14 (D.D.C. 2000); <u>U.S.

v. Rivard</u>, 127 F. Supp. 2d 512 (D. Vt. 2000); <u>U.S. v. Crusco</u>, 2000 U.S. Dist. LEXIS 8236

(S.D.N.Y. 2000).

15.     In this case , Mr. Ford was sentenced on July 24, 2003 to serve one year in prison with credit for time already served to be followed by three months of supervised release.  See Exhibit K.  Mr. Ford was released from prison on this one-year sentence on December 17, 2003. See Exhibit B, Page 1.  Even according to the Bureau of Prison's calculation, however, Mr. Ford should have been released on November 24, 2003.  See Exhibit B, Page 1.  This release date assumes that Mr. Ford had already served 242 days in prison on his one-year sentence for attempted distribution of heroin (September 25, 2001 to October 11, 2001 and May 7, 2002 to December 17, 2003).

16.     The Bureau of Prisons, however, inexplicably fails to include two additional periods during which Mr. Ford was in custody for the September 25, 2001 distribution of heroin charge when it calculated the November 24, 2007 release date.  The first period is October 12, 2001 to October 17, 2001 when Mr. Ford was still being held after his September 25, 2001 arrest.  See Exhibit B, Page 2.  The second period is from July 7, 2003 to July 23, 2003 when he was held without bond after he was arrested for failing to appear at the hearing to show cause why the probation imposed on September 17, 2002 should not be revoked.  See Exhibits I and J. Part of this time, Mr. Ford was at the Howard University Hospital receiving treatment for leg ulcers but he was still in the custody of the D.C. jail.

17.     With these additional twenty-three days, Mr. Ford had actually already served 265 days on the one-year sentence at the time of the July 24, 2003 sentencing for violating probation. Mr. Ford should have only had to serve an additional 100 days from July 24, 2003.  One hundred days from July 24, 2003 corresponds to a release date of November 1, 2003 and not November 24, 2003, as indicated by the Bureau of Prisons data.  Thus if Mr. Ford had been released at the

correct time, the three months of supervised release imposed by his July 24, 2003 sentence would have ended on February 1, 2004.

18.    The warrant for Mr. Ford's supervised release violation was not issued until February 17, 2004, which is after the term of his supervised release should have expired.[2] See Exhibit L.  Under 18 U.S.C. § 3583(i), the United State Parole Commission did not have jurisdiction to impose the additional terms of incarceration and supervised release imposed on September 7, 2004 or October 24, 2006.  See Exhibits N and Q.

## II.    THE ADJUDICATION OF THE FEBRUARY 17, 2004 VIOLATIONS EXTENDED BEYOND THE PERIOD "REASONABLY NECESSARY" FOR ADJUDICATION OF THESE VIOLATIONS

19.    Mr. Ford was released from incarceration on December 17, 2003 after serving the remainder of his one-year of prison time for his July 24, 2003 sentence.  In addition to the prison time, Mr. Ford was sentenced on July 24, 2003 to a three-month term of supervised release. Assuming that the term of supervised release began on December 17, 2003, his supervised

---

[2] Mr. Ford recognizes that the Federal Respondents' Opposition to his original petition for a writ of habeas corpus contends that his supervised release did not begin until Mr. Ford's actual release on December 17, 2003.  See Federal Respondents' Opposition at pp. 9-10.  The Federal Respondents cite U.S. v. Johnson, 529 U.S. 53 (2000) and three additional cases, which are all unpublished opinions, in support of their contention.  Mr. Ford's case differs in a key respect from Johnson.  Johnson was sentenced under a federal law relating to the use of a firearm in connection with a drug trafficking offense.  His conviction and sentence under this law were consistent with precedent at the time.  Later the Supreme Court interpreted the law to mean that the government must show active employment of the firearm by the defendant in order to secure a conviction.  See Bailey v. U.S., 516 U.S. 137 (1995).  Thus up until the Bailey decision, Johnson had been legitimately incarcerated.  Mr. Ford, however, was inexplicably held past the conclusion of the term of his sentence.  Because there was no legitimate reason to hold Mr. Ford past the conclusion of his sentence, there is more reason in this case to count the excess time he served in prison towards his period of supervised release.

release would end on March 17, 2004.[3]  On February 17, 2004, the United States Parole Commission issued a warrant for Mr. Ford based on alleged violations of the terms of his supervised release.  See Exhibit L.  This warrant, however, was not executed until July 26, 2004, well after the term of Mr. Ford's supervised release ended.  Further, the United States Parole Commission did not seek to adjudicate the violations alleged in the February 17, 2004 warrant until August 18, 2004 when they sent Mr. Ford a proposal for an expedited revocation determination.

20.    The United States Parole Commission has authority over District of Columbia offenders serving terms of supervised release.  See D.C. Code § 24-133(c)(2).  In this role, the United States Parole Commission generally exercises the same authority vested in the United States District Courts under 18 U.S.C. § 3583(d)-(i).  See id.  As such, the United State Parole Commission has limited power to revoke supervised release and impose new punishment after the term of the term of the supervised release has expired.  18 U.S.C. § 3583(i) provides that "[t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release …extends beyond the expiration of the term of supervised release for any period *reasonably necessary* for the adjudication of matters arising before its expiration … (emphasis added)."

21.    Courts have interpreted the "reasonably necessary" language in two different ways.  Some have treated "reasonably necessary" like "reasonable" delay under a due process analysis and have focused on whether the defendant was prejudiced by the delay in order to

_____

[3] As discussed above, Mr. Ford believes the term of his supervised release should have started on November 1, 2003 and ended on February 1, 2004.

determine its reasonableness.  See U.S. v. Ramos, 401 F.3d 111, 118 (2nd Cir. 2005) ("Section

3583(i)'s 'reasonably necessary' requirement may well be stricter than the rather expansive

notions of what is reasonable under due process in this context … but reasonable necessity

remains, we think, a relatively elastic concept.  The underlying consideration is the same –

reasonableness with respect to the legitimate interests of the defendant and the government.  We

conclude that for the same reason that this period is not overlong under a due process analysis …

it was reasonably necessary for section 3583(i) purposes.").  See also U.S. v. Poellnitz, 372 F.3d

562, 570 (3rd Cir. 2004) (applying due process case law to analyze "reasonably necessary" under

Section 3583(i)); U.S. v. Cobbs, 436 F. Supp. 2d 860, 863-864 (E.D. Mich. 2006) (following

U.S. v. Ramos).

      22.    Other courts have recognized that there is a difference between "reasonable"

delay under a due process analysis (or other statutes using the "reasonable" relay standard) and

"reasonable necessary" delay under Section 3583(i).  These courts have looked to the specific

situation to determine if delay was "reasonably necessary" in that case.  See U.S. v. Garrett, 253

F.3d 443, 449-450 (9th Cir. 2001) (recognizing the difference between reasonable delay and

reasonably necessary delay but relying on cases interpreting reasonable delay, which the court

characterizes "not as our guiding light, but merely as the canvas upon which we paint our

interpretive picture"); U.S. v. Dworkin,  70 F. Supp. 2d 214, 216-217 (focusing on whether the

delay was  necessary under 18 U.S.C. § 3565(c), which has the same delayed revocation

language as Section 3583(i), to find that it had no jurisdiction to revoke defendant's probation).

Under either approach, the Court should find that the delay in prosecuting the February 17, 2004

violation was not "reasonable necessary."

23.     In U.S. v. Ramos, the Second Circuit applied a due process prejudice analysis to determine whether a delay was "reasonably necessary."  It determined that a defendant would suffer prejudice from a delay in prosecution "if the delay does in fact prejudice the defendant by substantially limiting the ability to defend against the charge that the conditions of supervised release were violated."  U.S. v. Ramos, 401 F.3d at 116.  In Ramos, the defendant was serving a one-year term of supervised release, which ended on May 11, 2001.  During the one-year term, he was arrested and charged with a state law criminal law violation.  A warrant was issued for violation of the terms of supervised release just prior to the end of the one-year term of supervised release.  It was not executed until well after the term of supervised release ended and well after the defendant had been convicted in state court.  The Second Circuit held that the defendant was not prejudiced by the delay.

24.     Both U.S. v. Poellnitz and U.S. v. Cobb involved similar circumstances as U.S. v. Ramos.    In these cases, the defendants were on supervised release and where charged with state criminal charges and entered a plea on these charges.  The federal government waited until after the conclusion of the state criminal proceedings before seeking to revoke the defendants' terms of supervised release. These delays in adjudicating the supervised release violations or probation violations were found to not have prejudiced the defendants.

25.     A delay resulting from waiting for the conclusion of state law criminal proceeding is much different and much less likely to result in prejudice than the delay in this case.  As explained by the Court in U.S. v. Cobb "with respect to the state charges to which he pleaded guilty," demonstrating prejudice "may be exceedingly difficult, if not impossible."  U.S. v. Cobb, 463 F. Supp. 2d at 864.  Here Mr. Ford's alleged violations of the term of his supervised release were not based on state law criminal charges but on failing to report for supervision, failing a

drug test, and failing to report a change in address.  See Exhibit L.  By the time the United States

Parole Commission sent Mr. Ford a proposal for an expedited revocation determination on

August 18, 2004, eight months had passed since the alleged violations had occurred.  The

passage of this amount of time would make it difficult for Mr. Ford to offer any explanation for

these alleged violations because he would have to be able to recall what he was doing on the

relevant days eight months or more in the past.

26.    Further such a delay was absolutely not necessary.  In U.S. v. Dworkin, the Court

found that:

> In the present case, the government offers no 'necessity' for the
> delay in bringing about an 'adjudication' of the alleged violation.
> This is not a case in which, for instance, the government learned of
> an alleged violation shortly before the expiration of the
> probationary term.  Nor was the government unable to execute the
> warrant because the probationer was imprisoned in another state or
> otherwise absent form the jurisdiction.

Similarly, there was no reason why the United States Parole Commission could not have

executed the February 17, 2004 much sooner than July 26, 2004.  They were not waiting for a

state law prosecution to conclude.  Mr. Ford was not outside of the jurisdiction and had been in

contact with his supervised release coordinator.  See Exhibit S.  In fact, the only reason that it

apparently took so long to execute the February 17, 2004 warrant was that the warrant was not

entered into the government's computer system correctly.  See Exhibit S.  Once it was entered,

the warrant was executed shortly thereafter.  Mr. Ford should not be disadvantaged due to the

government's inattentiveness.  Thus, the Court should find that the delay in adjudicating the

violations charged in the February 17, 2004 warrant was not "reasonably necessary" pursuant to

47 U.S.C. § 3583(i).

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Ford prays for relief as follows:

1.    Termination of the remaining portion of the thirty-six month term of supervised release, which Mr. Ford is currently serving; and

2.    Grant such other and further relief on behalf of Mr. Ford as this Court deems just and proper.

Respectfully submitted,


_____/s/_____
J. William Koegel, Jr.
D.C. Bar No. 323402
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
wkoegel@steptoe.com
(202) 429-6408

Philip Fornaci
D.C. Bar No. 434824
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 DuPont Circle, N.W.
Suite 400
Washington, DC 20036

*Counsel for Kevin C. Ford*

Dated:  November 5, 2007

## **VERIFICATION**

Counsel for Petitioner declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge and belief.

_____/s/_____

J. William Koegel, Jr.
D.C. Bar No. 323402
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
wkoegel@steptoe.com
(202) 429-6408

Philip Fornaci
D.C. Bar No. 434824
Washington Lawyers' Committee for Civil Rights
& Urban Affairs
11 DuPont Circle, N.W.
Suite 400
Washington, DC 20036

*Counsel for Kevin C. Ford*

Dated:  November 5, 2007

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on November 5, 2007, a copy of the instant motion has been filed electronically with the Court and served by electronic mail upon:

Robert D. Okun
Sherri L. Berthrong
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, DC 20530
Sherri.Berthrong@usdoj.gov

Phillip A. Lattimore, III
Carl J. Schifferle
Suite 600S
441 Fourth Street, N.W.
Washington, DC 20001
Carl.schifferle@dc.gov

*Counsel for the Federal Respondents*

*Counsel for the District of Columbia.*

_____/s/_____
J. William Koegel, Jr.

# Exhibit A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

COMPLAINT

No._____

District of Columbia ss:

The undersigned having made oath before me declared that on __or about the__ day of
__September 25_____, A.D. 20__01____, at the District aforesaid, one
__KEVIN CHARLES FORD of 3546 "A" Street, S. E.     Washington, D. C._____

did unlawfully, knowingly, and intentionally distribute a quantity of
_____HEROIN_____, a schedule _____1_____controlled substance

in violation of Title _____33_____ Section_____541(a)(1)_____ of the District of
Columbia Code.

Affiant's Name: _____

Subscribed and sworn to before me this _____ day of _____, A.D. 20 ___

(Judge)     (Deputy Clerk)
Superior Court of the District of Columbia

**WARRANT**

To the United States Marshal or any other authorized federal officer or the Chief of Police of the District
of Columbia:

WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been sub-
mitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant
for_____

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER
PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued _____, 20 _____.

sex:   Male
dob:   4/29/54
car:   134-645
pdid:

Charge: DISTRIBUTION OF A CONTROLLED
        SUBSTANCE

Date of Offense: on or about the   9/25/01

Officer:  JAMES TYLER

Badge No:_____1501_____

ARREST NUMBER:

_____
Judge

Superior Court of the District of Columbia.

**OFFICER MUST EXECUTE RETURN:**

Officer's Name _____

Time _____

Date _____

CO-DEF:

Ford Exhibit A

Form CD-1559 Sep: 90

87—F7524E wc115

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 10, 2001

THE UNITED STATES OF AMERICA　　　:　　Criminal No: F-6069-01, F-6068-01

　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　Violation: 33 D.C. Code, Section 541(a)(1)
KEVIN C. FORD ALSO KNOWN AS　　　:
CORNELL H. FORD　　　　　　　　　:　　(Unlawful Distribution of a Controlled
PDID: 312-985　　　　　　　　　　　:　　Substance)
DEREK LANHAM　　　　　　　　　　:
PDID: 476-473　　　　　　　　　　　:

The Grand Jury charges:

On or about September 25, 2001, within the District of Columbia, Kevin C. Ford also known as Cornell H. Ford and Derek Lanham, did unlawfully, knowingly, and intentionally distribute a quantity of diacetylated morphine, that is, heroin, a schedule I narcotic drug controlled substance. (Unlawful Distribution of a Controlled Substance, in violation of 33 D.C. Code, Section 541(a)(1))

ROSCOE C. HOWARD, JR.
Attorney of the United States in
and for the District of Columbia

A TRUE BILL:

Foreperson

Ford Exhibit A

# Exhibit B

```
5H     PAR4I  540*23 *              SENTENCE MONITORING          *     07-02-2007
  GE 006        *                 COMPUTATION DATA        *    13:38:11
                                    AS OF 12-17-2003
```

REGNO..: 02076-000 NAME: FORD, KEVIN C


-------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-17-2003 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:    050 010

```
DATE COMPUTATION BEGAN..........: 07-24-2003
TOTAL TERM IN EFFECT............:    1 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    1 YEARS
EARLIEST DATE OF OFFENSE........: 09-25-2001

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   09-25-2001    10-11-2001
                                   05-07-2002    12-17-2002

TOTAL PRIOR CREDIT TIME.........: 242
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 11-24-2003
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-24-2003


ACTUAL SATISFACTION DATE........: 12-17-2003
ACTUAL SATISFACTION METHOD......: FT REL
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: RLW

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0
```

                    RECEIVED IN MXRO FOR DESIGNATION ON 12/17/03, TIME HAD BEEN
                    SERVED AS OF 11/24/03, MEMO/RELEASE PAPERWORK TO USM TO
                    RELEASE IMMEDIATELY.




G0002       MORE PAGES TO FOLLOW . . .

Ford Exhibit B

```
5H     PAR4I  540*23 *            SENTENCE MONITORING      *    07-02-2007
PAGE 002          *           COMPUTATION DATA        *    13:38:11
                              AS OF 07-02-2007
```

REGNO..: 02076-000 NAME: FORD, KEVIN C


- - - - - - - - - - - - - - - - - - - - - -CURRENT COMPUTATION NO: 050 - - - - - - - - - - - - - - - - - - - - - - - -

COMPUTATION 050 WAS LAST UPDATED ON 01-04-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-04-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 070 010

```
DATE COMPUTATION BEGAN..........: 08-17-2006
TOTAL TERM IN EFFECT............:    12 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     1 YEARS
EARLIEST DATE OF OFFENSE........: 09-25-2001

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    10-12-2001    10-17-2001

TOTAL PRIOR CREDIT TIME.........: 6
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 08-10-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-10-2007

TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 08-10-2007
PROJECTED SATISFACTION METHOD...: FT REL
```

REMARKS.......: RELEASE AUDIT COMPLETED BY DSCC ON 01-04-07.


G0002      MORE PAGES TO FOLLOW . . .

Ford Exhibit B

# Exhibit C

12
312-965
01269964

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America

Cal. # _____ 10

v.

Case No. _____ F6064-01

*Kevin Charles Ford*
Defendant's name

3546 A Street SE
Washington DC 20020
Defendant's address

Defendant's phone no.

**YOU ARE HEREBY RELEASED ON THE CONDITIONS INDICATED BELOW:**
**THESE CONDITIONS WILL BE IN EFFECT UNTIL YOUR CASE IS DISPOSED OF OR UNTIL**
**THEY ARE CHANGED OR AMENDED BY A JUDGE**

| | | |
|---|---|---|
| ☐ | **PERSONAL PROMISE** | **PERSONAL RECOGNIZANCE.** Your personal recognizance, provided that you promise to appear at all scheduled hearings as required by the Court. |
| ☐ $ | | **UNSECURED APPEARANCE BOND.** Your personal unsecured appearance bond, to be forfeited should you fail to appear as required by the Court. |
| ☒ | **SUPERVISORY CUSTODY** | You hereby agree to be placed in the custody of _____ who agrees (a) to supervise you in accordance with the conditions below, (b) to use every effort to assure your appearance at all scheduled hearings, trials, or otherwise, and (c) to notify the D.C. Pretrial Services Agency immediately in the event you violate any condition of release or disappear. Agency telephone - 585-7077 <br><br> _____ SIGNATURE OF CUSTODIAN <br><br> Custodian's name  BCI <br> Custodian's address  600 FST <br> Custodian's phone no.  842-7200 |
| ☒ | **YOU ARE TO STAY** | ☒ away from the complaining witness.  600 blk Division ave NE <br> name  50th Radius <br> ☐ within the D.C. area. |
| ☒ | **YOU ARE TO LIVE** | ☐ at _____ address _____ phone no _____ <br> ☒ You are to verify your address with D.C. Pretrial Services in Room C-301 within 24 hours. <br> ☐ Curfew is imposed at above address from _____ P.M. to _____ A.M. |
| ☒ | **DRUGS** | Report to D.C. Pretrial Services Agency, Room C-220, for: <br> ☒ Evaluation and if positive ☒ Program placement by PSA <br> ☐ Placement in court ordered surveillance <br> ☐ Enroll in ☐ Maintain participation at ☐ PSA ☐ ADASA ☐ Other <br> ☐ Refrain from illegal drug use. |
| ☐ | **YOU ARE TO REPORT TO** | ☐ D.C. Pretrial Services Agency ☐ Weekly ☐ Other _____ ☐ By Phone ☐ In Person <br> ☐ Probation Officer ☐ Weekly ☐ Other _____ ☐ By Phone ☐ In Person <br> ☐ Parole Officer ☐ Weekly ☐ Other _____ ☐ By Phone ☐ In Person |
| ☒ | **REVIEW** | You are to report to the D.C. Pretrial Services Agency at room C-301 immediately upon release for a review of conditions |
| ☒ | **YOU ARE TO** | Refrain from committing any criminal offense, the penalties for which are explained on the reverse side of this order. |
| ☐ | **OTHER** | |
| ☐ | **MONEY BOND OF** $ _____ | ☐ **CASH BOND.** Upon execution of appearance bond, to be forfeited should you fail to appear as required by the Court, secured by a deposit, such deposit *to be returned* when the Court determines you have performed the conditions of your release. You will deposit the in registry of the Court _____ %. <br> ☐ **SURETY BOND.** Upon execution of appearance bond with approved surety. |

**NEXT DUE BACK** on Oct 31, 2001 in Courtroom 201 at 11 AM
if you have any questions about the date, time, or location CALL
THE D.C. PRETRIAL SERVICES AGENCY at 585-7077.

YOUR ATTORNEY  Corrine Schultz
202  607  5011
address  phone no

**DEFENDANT'S SIGNATURE** *Kevin Ford Bell*

I understand the penalties which may be imposed on me for willful failure to appear or for violation of any condition of release and agree to comply with the conditions of my release and to appear as required.

**WITNESSED BY** MJP (title or agency) DCPSA

**IMPORTANT:** YOU ARE TO NOTIFY IMMEDIATELY, THE D.C. PRETRIAL SERVICES AGENCY, 500 INDIANA AVE., N.W., ROOM C-301 TELEPHONE NUMBER 585-7077, OF ANY CHANGE OF ADDRESS, EMPLOYMENT, OR CHANGE IN STATUS OF ANY RELEASE CONDITIONS.

Date  10/11/01

SO ORDERED

Signature of Judge

WHITE - COURT JACKET
GREEN - D.C. PRETRIAL SERVICES AGENCY
BLUE - DEFENDANT
YELLOW - DEFENSE ATTORNEY
GOLD - CUSTODIAN
PINK - U.S. ATTORNEY

FORM CD-1293 JUN 95

# Exhibit D

Ford Exhibit D

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

UNITED STATES OF AMERICA               :          CRIMINAL NO. _F 6069-01_

     v.                                       :          ISSUED BY: _JUDGE MILDRED_

KEVIN C. FORD                          :                        _EDWARDS_

### BENCH WARRANT
**May be served at any place within the jurisdiction of the United States.**
*Unless Specified Otherwise Below*

TO:    The United States Marshal for the Superior Court of the District of Columbia or any other authorized federal officer or the Chief of Police of the District of Columbia

    GREETINGS;   YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before this Court or other person enumerated in 18 U.S.C. 3041 to answer to the charge(s) listed below. ( ) YOU ARE FURTHER COMMANDED to execute this warrant FORTHWITH.

| BASIS FOR WARRANT AND DESCRIPTION OF CHARGES |
|---|
| FAILURE TO APPEAR FOR ARRAIGNMENT ON THE CHARGE OF UNLAWFUL DISTRIBUTION OF HEROIN |

☒ This Warrant is issued extraterritorially pursuant to D.C. Code § 23-1329(d)(1996)

SPECIAL TERRITORIAL LIMITS ON EXECUTION OF WARRANT - THIS SECTION VALID ONLY IF COMPLETED
Extraterritorial Service of this Warrant is limited to

| ALIAS: | IDENTIFICATION OF PERSON TO BE ARRESTED |
|---|---|

ADDRESS: 3546 A STREET, SE  WASHINGTON, D.C. 20020

DC-PDID – PDID NO: 312 985     DATE OF BIRTH: 4-29-54 SEX: M     RACE: U

| HEIGHT: | WEIGHT: | OTHER: |
|---|---|---|
| OTHER: | | |

WITNESS, The Honorable Chief Judge of the Superior Court of the District of Columbia under the seal of said Court this _31ST_ day of _OCT._, _2001_

BAIL FIXED BY THE COURT

AT: _NO BOND_ .

Superior Court of the District of Columbia

BY: _Mildred M. Edwards_

☒ Judge ( ) Hearing Commissioner ( ) Deputy Clerk

| RETURN: This warrant was received and executed with the arrest of the above-named person. |
|---|

| Date Received: 11-6-01 | Name & Title of Arresting Officer | Arrested by U.S. Marshals Service in the EASTERN DISTRICT OF Alexandria |
|---|---|---|
| Date Executed: 5-6-02 | Signature of Arresting Officer | 5-6-02 |

White - Court    Yellow - U.S. Marshal

Form CD-2073 Aug '00

# Exhibit E

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No.: _F6069-01_

PDID No.: _312-985_

vs.

_Kevin C. Ford_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _C_

_Attempt Distribution of Heroin_

and having been found guilty by ☐ Jury ☒ Court, it is hereby **ORDERED** that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby **SENTENCED** to _1 year, 90 days suspended_

_(Release Execution to person suspended to all that time already served: 12 months supervised probation, with first 3 months to be served in PIFC halfway which defendant is currently located.)_

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☒ **MANDATORY MINIMUM** term does not apply.

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒ **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation: _1. maintain employment_

☒ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☒ Treatment for: ☐ alcohol problems ☒ drug dependency or abuse as follows: _Continue drug testing_ _and drug treatment as in prescribed by probation._

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions.)

☐ The Court will distribute monies to _____

Costs in the aggregate amount of $ _100.00_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. _40.00 paid Money 8/19/02_ .

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

_9-17-02_
Date

_(signature)_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d):

_9-17-02_
Date

_(signature)_
Deputy Clerk

_Exhibit A-1_

Form CD(1B)-1040/Oct. 01

Ford Exhibit E

# Exhibit F

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CRIMINAL DIVISION

UNITED STATES
DISTRICT OF COLUMBIA

Case No. _____

vs.

_____

PDID/~~DEDC~~ No. _____

## RELEASE ORDER

TO: ☒ Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition having been entered this _____ day of _____ , 20 _____

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☐ Transferred to _____

_____

☒ Released from custody. _____

☐ Released into the custody of _____

_____

_____
DEPUTY CLERK

_____
JUDGE/COMMISSIONER

Date _____

Ford Exhibit F

# Exhibit G



# Court Services and Offender Supervision Agency
## for the District of Columbia
*Community Supervision Services*
*General Supervision Branch IIA*

### VIOLATION REPORT

**TO:** The Honorable **Ann O'Regan Keary**
**FROM:** Chanea Cary, CSO
**RE:** Kevin Ford
**Address:** 1145 42nd Street NE WDC 20019
**Probation Offense(s):** Attempt Dist. of Heroin

**Date:** May 22, 2003
**Telephone:** 202-585-7744
**DOB:** 4-28-56

**Docket #:** F6069-01

**Probation Dates:**
**From:** September 17, 2002
**To:** September 16, 2003

**PDID #:** 312-985

**Rearrest Violation:** Dist. of Heroin

**Offense(s):** Dist of Heroin

RECEIVED
MAY 30 2003
CHAMBERS OF
JUDGE KEARY

**Docket No.(s):** F2903-03

**Date:** 5/27/03
**Disposition:** Prelim hearing

**Bond Status:** HWOB

**Technical Violations:** (If Applicable)

☒ 1. Failure to keep the following scheduled appointment(s): **2-19-03, 4-3-03, 5-1-03 (offender failed to report back to supervision after release from St. Elizabeth hospital), 5-8-03 and thereafter**

☒ 2. Illegal use of drugs with the results and dates of tests: **3-27-03 (positive for cocaine and opiates) (See attached drug status report)**

☒ 3. Failed to report to drug testing on **2-26-03, 3-5-03, 3-12-03, 4-1-03, 4-3-03 and thereafter (See attached drug status report)**

☒ 4. Failure to abide by the following special conditions: **Failed to obey all laws (Rearrested for Distribution Heroin (F2903-03)) (See attached PD163)**

**Probation Adjustment:**

The above named offender appeared before Your Honor on September 17, 2002, having been convicted of Attempted Distribution of Heroin (F6069-01). Mr. Ford was sentenced to one-year incarceration followed by 90 days supervised release, execution of the sentence was suspended as to all but time served and he was placed on probation for 12 months with the first three months being served in the halfway house.

Mr. Ford's adjustment to probation supervision is poor. He has not reported to supervision since March 27, 2003 and has not made contact with this officer since April 11,

Ford Exhibit G

Court Services and Offender Supervision Agency

Page 2

2003. Mr. Ford last reported for an office visit on March 27, 2003, he was instructed to return for his weekly office visit on April 3, 2003, he failed to do so. Furthermore, this writer received a call from St. Elizabeth's hospital late that evening and was informed that the offender checked himself into the hospital on March 31, 2003. At this time, I spoke with a staff person, nurse Woodland, who verified the offenders whereabouts, but was not aware of an expected release date. I instructed Mr. Ford to keep me abreast of any and all changes as well as to report directly to this supervision office upon his discharge. He failed to do so.

On May 1, 2003, this writer called St Elizabeth's to inquire about the offender's status. I was informed the offender was discharged on April 11, 2003. In an attempt to resume contact this writer placed several phone calls to the offender's home; as well as sent a certified letter, instructing the offender to report on or before May 8, 2003. Mr. Ford did not report and all attempts at contact have been unsuccessful. Mr. Fords whereabouts are unknown at this time. Thus, he has absconded from supervision. He is currently in loss of contact status.

In addition, during his last office visit, Mr. Ford was given a referral to report to the Illegal Substance Collection Unit for drug testing purposes. He did so and this test returned positive for cocaine and opiates. Subsequently, the submission was the last drug test the offender reported for. He failed to report to drug testing on 4-1-03, 4-3-03, and thereafter. Mr. Ford is aware of his obligation to drug test twice a week; he signed a drug testing referral, that indicated those scheduled testing days.

Moreover, on May 20, 2003, Pre-Trial Services notified this writer, that the offender was rearrested for UCSA Distribution for Heroin (F2903-03). On May 17, 2003, Mr. Ford was allegedly observed by undercover MPD officers distributing heroin to one other person (See attached PD163). Mr. Ford is scheduled for a preliminary hearing on May 27, 2003.

**Recommendation:**

In light of the above-listed violations and rearrest a Show Cause Hearing is requested with a recommendation revocation.

Prepared by:

Signature: _____

Chanea Cary
Community Supervision Officer

May 22, 2003
Date

Approved by:

Signature: _____

Linwood A. Williams, Jr.
Supervisory Community Supervision Officer

May 22, 2003
Date

Ford Exhibit G

# Exhibit H

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION
FELONY BRANCH

2003 JUN 11 P 3: 39

FILED

UNITED STATES OF AMERICA          :

    v.                                :          Criminal No. F-6069-01
                                      :          Judge Keary
KEVIN FORD,                        :

        Defendant               :

## SHOW CAUSE ORDER

This matter comes before the court upon receipt of a Violation Report from the Court Services and Offender Supervision Agency of the District of Columbia, Community Supervision General Supervision Branch "II-A", received May 30, 2003, wherein it states that the defendant, Kevin Ford, violated the conditions of his probation.[1]  Specifically, it is asserted that the defendant has (1) failed to keep scheduled appointments on February 19th, April 3rd, May 1st, and May 8th, 2003, (2) tested positive for illegal use of drugs on March 27, 2003, (3) failed to report for drug testing on February 26th, March 5th and 12th, and April 1st and 3rd, 2003 and (4) was rearrested on May 27, 2003 for Distribution of Heroin (the same offense he was charged with in the instant case) in docket number F-2903-03.[2]

---

[1] The court has attached a copy of the violation report from the Court Services and Offender Supervision Agency.

[2] The court notes that the defendant's re-arrest case, F-2903-03, was dismissed on May 27, 2003 for want of prosecution.

Ford Exhibit H

Therefore, upon consideration of this violation report, it is, this _____ day of June, 2003

**ORDERED:** that a hearing be held in **courtroom 214** on **June 20, 2003 at 9:30 a.m.** to **Show Cause** why the defendant's probation should not be revoked or modified.

_Ann O'Regan Keary_
**ANN O'REGAN KEARY**
**JUDGE**
(Signed in Chambers)

Copies to:

Kevin Ford
1145 42nd Street, NE
Washington, D.C. 20019

Corinne J. Schultz, Esq.
419 7th Street, N.W., Suite 401
Washington, D.C. 20004

Ian Alberg, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001

Chanea Cary, CSO
Community Supervision Services
General Supervision Branch "II-A"
1230 Taylor Street, N.W.
Washington, D.C. 20011

2

Ford Exhibit H

# Exhibit I

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

UNITED STATES OF AMERICA : CRIMINAL NO. _F 6069-01_

v. ISSUED BY: _J Keary_

_Kevin Charles Ford_ :

:

### BENCH WARRANT
**May be served at any place within the jurisdiction of the United States.**
*Unless Specified Otherwise Below*

TO:    The United States Marshal for the Superior Court of the District of Columbia or any other authorized federal officer or the Chief of Police of the District of Columbia

GREETINGS;    YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before this Court or other person enumerated in 18 U.S.C. 3041 to answer to the charge(s) listed below. ( ) YOU ARE FURTHER COMMANDED to execute this warrant FORTHWITH.

| BASIS FOR WARRANT AND DESCRIPTION OF CHARGES |
|---|
| _Defendant failed to appear for Probation Revocation hearing on a charge of attempt Distribution of Heroin_ |
| [X] This Warrant is issued extraterritorially pursuant to D.C. Code § 23-1329(d)(1996) |

| SPECIAL TERRITORIAL LIMITS ON EXECUTION OF WARRANT – THIS SECTION VALID ONLY IF COMPLETED |
|---|
| Extraterritorial Service of this Warrant is limited to |

| IDENTIFICATION OF PERSON TO BE ARRESTED |
|---|
| ALIAS: |
| ADDRESS: _3546 A St SE Wash DC 20020_ |
| D.C. MPD – PDID NO: _312 985_    DATE OF BIRTH: _4-29-54_ SEX: _M_    RACE: |
| HEIGHT:    WEIGHT:    OTHER: |
| OTHER: |

WITNESS, The Honorable Chief Judge of the Superior Court of the District of Columbia under the seal of said Court this _20_ day of _June_, _2003_.

BAIL  FIXED BY THE COURT

AT: _No Bond_ .

Superior Court of the District of Columbia

BY: _Lorena Franklin_

( ) Judge   ( ) Hearing Commissioner   (✓) Deputy Clerk

| RETURN: This warrant was received and executed with the arrest of the above-named person. |
|---|
| Date Received: _6/27/63_    Name & Title of Arresting Officer _Arrested by DC MPD_    USL# 89 |
| Date Executed: _7/7/63_    Signature of Arresting Officer _F Brennan #5763_ |

White – Court    Yellow – U.S. Marshal

Form CD 2078/Aug. '95

Ford Exhibit I

# Exhibit J

*Hospital*
*case D.C. Jail*
*Howard university Medical center*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

CITY OF WASHINGTON

DISTRICT OF COLUMBIA    } ss.

Case No. _F 6 0 6 9 - 01_

Replaces No. _____

PDID No. _312 - 985_

DOB _7 - 29 - 54_

## COMMITMENT PENDING DISPOSITION

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL

Receive in to your custody _Kevin C. Ford_

charged with _attempt Distribution of Heroin_

☐ Pending Sentence

☐ Juvenile    ☐ Suicidal

☐ Protective Custody Ordered

☐ Work Release    ( ) ORDERED

☐ Medical Treatment for: _____

☐ Medication as prescribed by: _____

☐ Other Remarks: _____

☐ Drug Addiction    ( ) Treatment Ordered

☐ Separated From: _____

( ) RECOMMENDED

BOND SET _No Bond_

Safely keep said defendant in your custody until discharged by due course of law; and for so doing, this shall be your sufficient order.

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _9_ day of _July_, 20 _03_.

Clerk, Superior Court of the District of Columbia

By _Karen W Franklin_

Deputy Clerk

_Ann Keary_

Judge/Commissioner

White - Court Jacket    Canary - Institution

Form CD-1308/Apr 60

Ford Exhibit J

# Exhibit K

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America<br>V.<br><br>KEVIN C FORD | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number:  F 6069 - 01 C<br>PDID No.   312-985 |

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S)  C

☐ WAS FOUND GUILTY ON COUNT (S)
AFTER A PLEA OF NOT GUILTY

| Count | Nature of Charges | Title & Section | Date of Offense |
|---|---|---|---|
| Count C | ATTEMPT DISTRIBUTION OF HEROIN | | SEPT 25, 2001 |

## SENTENCE OF THE COURT

PROBATION REVOKED, COUNT C, ONE YEAR IN JAIL WITH CREDIT FOR TIME SERVED, FOLLOWED BY THREE MONTHS SUPERVISED RELEASE.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of:

ONE YEAR

☐ MANDATORY MINIMUM term of_____applies.

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of   THREE MONTHS

☐ The Court makes the following recommendations to the Bureau of Prisons:

Costs in the aggregate amount of $ 100.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☒ have  ☐ have not been paid.

July 24, 2003
Date

Judge

"ANN O. KEARY, Associate Judge"
Name and Title of Judicial Officer

Certification by Clerk pursuant to Criminal Rule 32(d)

July 24, 2003
Date

KAREN W. FRANKLIN
Deputy Clerk

Ford Exhibit K

# Exhibit L

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Ford, Kevin, Reg. No. 02076-000, DCDC No.        , was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 1 Year and 3 Months Supervised Release for the crime of Attempted Distribution of Heroin and was on December 17, 2003 released  on supervised release from D.C.-Central Detention Facility with 3 months remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 17, 2004

U.S. Parole Commissioner

---

**Ford, Kevin**
**Reg. No. 02076-000    DCDC No.**

Ford Exhibit L



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ...............................Ford, Kevin

| | |
|---|---|
| Reg. No .........................02076-000 | Date ............................................ **February 17, 2004** |
| DCDC No....................... **205159** | Termination of Supervision..... **March 16, 2004** |
| FBI No............................**227174V6** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date...................... | Offender Is On Mandatory Release, Termination |
| Race................................**Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date.......................... **December 20, 2003** |
| | Released...................................December 17, 2003 |

Sentence Length ........... **1 Year and 3 Months Supervised Release**
Original Offense.............**Attempted Distribution of Heroin**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Report for Supervision.** On 12/17/03, the subject was released from DC Jail to supervision in the District of Columbia. The subject failed to report to CSOSA for supervision as instructed. Subject also failed to report after notice was left at his last reported residence and with his ex-wife. This charge is based on the information contained in the violation report dated 2/3/04 from Community Supervision Officer Saher Khan.
**I ADMIT [   ] or DENY [   ] the above charge(s).**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** On the following date 1/5/04, the subject submitted urine specimens which tested positive for the drugs specified:

Ford, Kevin
Reg. No. 02076-000   DCDC No.

Ford Exhibit L



On 1/5/04 for Cocaine and Opiates.
This charge is based on the information contained in the violation report dated 2/3/04 from Community Supervision Officer Saher Khan and the corresponding laboratory report dated 2/10/04.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Failure to Report Change in Residence.** On 1/14/04, Community Supervision Officer Khan learned that the subject had moved from his last reported residence at 1145 42nd Street, NE, Washington, DC 20019. The subject has failed to advise his Community Supervision Officer of his current address and his whereabouts are unknown. This charge is based on the information contained in the violation report dated 2/3/04 from Community Supervision Officer Saher Khan.
I ADMIT [  ] or DENY [  ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued.................. February 17, 2004

Helen A. Herman, Case Services Dep. Admin.
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit VIII, 1418 Good Hope Road**

Ford, Kevin
Reg. No. 02076-000    DCDC No.

Ford Exhibit L

# Exhibit M





**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

Date: ___8/18/04___

Vincent Haskell
Public Defender
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Re:    **Kevin Ford**
       **Reg. No. 02076-000**
       **DCDC No.**

Dear Mr. Haskell:

Enclosed you will find a proposal for an expedited revocation determination for the above-named supervised releasee. This program allows the subject to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a new term of imprisonment. If the supervised releasee accepts, a Notice of Action will be promptly issued and the supervised releasee will be transferred to the designated facility for service of the new term of imprisonment. If the supervised releasee declines, an in-person hearing will be arranged under regular procedures.

We are asking that you review the attached proposal with the supervised releasee. If, after this discussion, the supervised releasee accepts the proposal, please advise this office by faxing the signed waiver to **(301) 492-5908**. We would also appreciate notification if the supervised releasee declines the proposal.

If you have any further, questions please call Lori Gobble (301) 492-5821.

Sincerely,

Lori Gobble
Case Operations Assistant

Enclosure

SGH

Ford Exhibit M

**NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE,
MANDATORY RELEASE, OR SUPERVISED RELEASE VIOLATOR
ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE**

Name: Ford, Kevin     Reg. No: 02076-000     DCDC No.

1.      This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your release.

2.      The specific charges upon which these findings are based:

Charge No. 1 - Failure to Report for Supervision

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report Change in Residence

3.      Based on the finding of probable cause and information available to the Commission at this time, if you are revoked after a revocation hearing, your guidelines will be as follows:

Your violation behavior has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). You have been in confinement as a result of your behavior for a total of 1 month(s) as of 8-26-04. Guidelines established by the Commission indicate a range of 12 to 16 months to be served.

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.      Your violation behavior makes you eligible to apply for the following expedited procedure. You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the following action in your case:

• Revoke the term of Supervised Release. You shall serve a new term of imprisonment of 12 months from 7-26-04, the date the warrant was executed. You shall serve a new term of Supervised Release of 48 months following release from custody.

• In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Ford Exhibit M

08/18/2004 07:03 FAX 3014925908          U.S. PAROLE COMMISSION          @006/001

5.      For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within **14 days of the date noted on the cover letter. If the completed form is not received within 14 days,** the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.      You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed new term of imprisonment set forth on this form. I understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of revocation.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_____          _____9-1-04_____
Signature                                                                      Date

_____          ___9/01/04___
Witness                                                                       Date


I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

_____          _____8-23-04_____
Signature                                                                      Date

_____          ___8.23.04___
Witness                                                                       Date


I wish to request a 14-day extension to consider this proposal.

_____          _____


                                                                              Ford Exhibit M

# SALIENT FACTOR SCORE (SFS-98)

**Name:** Ford, Kevin    **Reg. No:** 02076-000    **DCDC No:**

| Pts | SFS-98 Item Explanations |
|---|---|

**0**    **A. - Prior convictions/adjudications (adult or juvenile)**
        None = 3; One = 2; Two or three = 1; Four or more = 0

| Date | Offense & Disposition |
|---|---|
| 3-12-80 | Possession Implements of Crime: 6-26-80: 90 days ESS; 1 yr. Probation. (1-0) |
| 7-25-84 | UCSA Distribution Heroin: 12-19-84, 2 to 6 yrs (2-1); 3 yrs probation; 2-4-87 probation revoked, 2 to 6 yrs imposed. (2-2) |
| 12-9-85 | UCSA Distribution Heroin: 3-9-88, 4 to 12 yrs (3-3) |
| 12-9-85 | UCSA Distribution Cocaine: 3-16-88, 20 months to 5 yrs (concurrent to above)(4-3) Paroled 12-6-90. Revoked 12-91 (4-4). Reparoled 12-12-95. Revoked 11-96. (4-5) Reparoled 9-24-97. Revoked 4-20-99. (4-6) Reparoled 2-5-01. |
| 9-15-93 | Attempted Prison Breach: 5-12-94, 4 Months (5-6) |
| 9-12-94 | Shoplifting: 10-18-94, 90 days, $300 fine ESS; 1 yr. Probation. (occurred while on escape) (6-6) |
| 1-12-98 | Shoplifting: 12-7-99: 60 days confinement; ESS 25 day, 1 yr probation. (7-7) |
| 9-25-01 | Attempted Distribution Heroin: 9-20-02, 1 yr confinement, ESS; 12 months probation; 7-24-03 probation revoked. (8-8) |
| 9-25-01 | Attempt Distribution of Heroin: 7-24-03; 1 yr, 3 months Supervised Release. Paroled 12-7-03. (9-8) |

**0**    **B. - Prior commitments of more than thirty days (adult or juvenile)**
        None = 2; One or two = 1; Three or more = 0

**1**    **C. - Age at current offense/prior commitments**

| 26 years or more | +3 or less prior commitments | = 3 |
|---|---|---|
| | +4 prior commitments | = 2 |
| | +5 or more commitments | = 1 |
| 22-25 years | +3 or less prior commitments | = 2 |
| | +4 prior commitments | = 1 |
| | +5 or more commitments | = 0 |
| 20-21 years | +3 or less prior commitments | = 1 |
| | +4 prior commitments | = 0 |
| 19 years or less | +any number prior commitments | = 0 |

The subject was age 47 at the time of the current parole violation.

**0**    **D. - Recent Commitment Free Period *(Three Years)***
        No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

The subject was last released from confinement on 12-20-03.

**0**    **E. - Probation/Parole/Supervised Release/Confinement/Escape Status Violator This Time**

Ford Exhibit M

08/18/2004 07:03 FAX  3014925908        U.S. PAROLE COMMISSION                     @004/001



Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1    **F. - Older Offenders**
     If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

2    **TOTAL SCORE**

Ford Exhibit M

# Exhibit N

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: FORD, Kevin
Register Number: 02076-000
DCDC No: 205-159

Institution: D.C. CCM/CTF

Date:    September 7, 2004

## DC SRAA EXPEDITED REVOCATION

As a result of the hearing conducted on 9/1/2004 the following action was ordered:

Revoke the term of Supervised Release. You shall serve a new term of imprisonment of 12 months from 7-26-2004, the date the warrant was executed. You shall serve a new term of Supervised Release of 48 months following release from custody.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Report for Supervision

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report Change in Residence

## REASONS:

Pursuant to the revocation proposal you signed on 9/1/2004, captioned "Notice to Alleged Parole, Special Parole, or Mandatory Release Violator - Eligibility for Expedited Revocation Procedure")Your violation behavior has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). You have been in confinement as a result of your behavior for a total of 1 month(s) as of 8/26/2004. Guidelines established by the Commission indicate a range of 12 to 16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Ford Exhibit N

cc:    Vincent Haskell
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Avenue, N.W.
       Room 1400
       Washington, DC 20001
       Attn: Karen Brown

       CSS Management Group
       Attn: Sharon Barnes-Durbin, SCSA
       300 Indiana Avenue, NW
       Second Floor, Suite 2140
       Washington, DC 20001



Ford Exhibit N

### SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | | |
|---|---|---|---|---|
| | Prior Commitments | | | |
| Age | 0-1 | 2-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 2 | 1 |
| 22-25 | 2 | 2 | 1 | 0 |
| 20-21 | 1 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 | 0 |

Ford Exhibit N

# Exhibit O

U.S. Department of Justice

**United States Parole Commission**

# CERTIFICATE OF SUPERVISED RELEASE
## District of Columbia Offender
### Release date : 6-29-2005

Having determined that **Ford, Kevin**, Register No. **02076-000**, (DCDC No. **205-159**), is to be released to supervised release for a term of 48 months upon release from imprisonment, the United States Parole Commission (the "Commission") ORDERS that the conditions listed in this certificate apply during that term of supervised release.

Given under the hand and the seal of the Commission on May 17, 2005.

UNITED STATES PAROLE COMMISSION

By: Joann L. Kelley, Case Analyst

## ACKNOWLEDGMENT OF CONDITIONS

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF SUPERVISED RELEASE. I have received a copy of this CERTIFICATE OF SUPERVISED RELEASE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

## CONSENT TO DISCLOSURE OF DRUG/ALCOHOL TREATMENT INFORMATION

By signing this CERTIFICATE OF SUPERVISED RELEASE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of the term of supervised release.

_____     _____
Name                                                          Reg. No.

Witnessed: _____     _____
                    Name and Title                                          Date

Ford 02076-000                          -2-                     Clerk: JLK

Ford Exhibit O

## GENERAL CONDITIONS

1.  A.  You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

    B.  If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2.  You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3.  You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

    2.  You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

    3.  You must permit the officer supervising you to visit your place of residence and your place of business or employment.

    4.  You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

    5.  You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

    6.  You must not violate any law and must not associate with someone else who is violating any law.

    7.  You must not possess a dangerous weapon, which includes ammunition.

    8.  You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

    9.  You must not associate with a person who has a criminal record without permission from the officer supervising you.

    10. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

    11. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

    12. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

    13. If your term of supervised release was imposed because of a conviction for a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

    14. If you are required by law to report and register as a sex offender, you must comply with that law.

    15. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

    16. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

    17. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

    18. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

## SPECIAL CONDITIONS

Ford Exhibit O

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

Ford Exhibit O

# Exhibit P

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Ford, Kevin, Reg. No. 02076-000, DCDC No. 205-159, was sentenced to a term of supervised release by the Superior Court of the District of Columbia or the United States District Court for the crime of Attempted Distribution of Heroin and began serving that term of supervised release on 6/29/2005;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 1, 2006

_____
U.S. Parole Commissioner

Ford, Kevin
Reg. No. 02076-000    DCDC No. 205-159

Ford Exhibit P

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name............................. **Ford, Kevin**
Reg. No........................... **02076-000**
DCDC No. ...................... **205-159**
FBI No ........................... **227174v6**
Birth Date .......................
Race ............................... **Black**
Sentence Length............ **48 months (SR Violator Term)**
Original Offense .........**Attempted Distribution of Heroin**

Date............................................**February 1, 2006**
Termination of Supervision .....**6/28/2009**
Violation Date ...........................**11/7/2005**
Released ...................................**6/29/2005**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 11/7; 11/22; 12/6 and 12/15/05 as directed and has failed to make himself available for supervision This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall.
I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 2 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 11/8; 11/10; 12/6; 12/13; 12/15/05. This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall.
I ADMIT [   ] or DENY [   ] this charge.

Ford Exhibit P

**Charge No. 3 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Cocaine on 12/1/05
Opiates on 12/1/05
This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall and corresponding drug report.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 4 - Failure to Report Change in Residence.** The releasee left his last known residence on or before 12/6/05 and failed to report a new residence to the supervising officer within 48 hours. The releasee's whereabouts are unknown. This charge is based on the information contained in the violation report dated 12/27/05 from supervising officer Jessica Stigall.
**I ADMIT [ ] or DENY [ ] this charge.**
**Probable Cause Hearing Is Required**

Warrant Recommended By:

Warrant Issued.................. **February 1, 2006**

Jequan S. Jackson, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **Mental Health Unit-Team 54, 300 Indiana Avenue**

Ford Exhibit P

# Exhibit Q





**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile :(301) 492-5525*

Date: October 6, 2006

Ms. Mona Asiner
Staff Attorney
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

**Re:    FORD, KEVIN**
      **Reg. No: 02076-000**
      **DCDC No: 205-159**

Dear Ms. Asiner,

I have enclosed an expedited revocation proposal for the above-named releasee. This expedited revocation procedure allows the releasee to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a decision on the record. If the releasee accepts, the Commission will promptly issue a Notice of Action and arrange for the releasee to be transferred to a designated facility for service of the violation term. If the releasee declines, the Commission will arrange an in-person hearing under regular procedures.

Please review the attached proposal with the releasee and then fax the signed <u>Response to Expedited Revocation Proposal</u> to my attention at **(240) 437-0256.**

**Note:** The signed <u>Response to Expedited Revocation Proposal</u> must be received by the Commission **within 14 days of the date of this letter** for the Commission to accept the releasee's application for an expedited revocation determination. If the <u>Response to Expedited Revocation Proposal</u> is not received within 14 days, the releasee will have an in-person hearing, and the proposed decision will not be binding on the Commission.

If you have any further questions, please call me at (301) 492-5821, ext. 171

                    Sincerely,

                    *Lori Gobble*

                    Lori Gobble,
                    Case Operations Assistant

Enclosure

Ford Exhibit Q

# Expedited Revocation Proposal



| Name: **FORD, KEVIN** | Reg. No: **02076-000** | DCDC No: **205-159** |
| --- | --- | --- |

**I.**    The Parole Commission has found that you have violated the conditions of your release.

**II.**    The Commission has found probable cause on the following charges:

Charge No. 1 - Failure to Report to Supervising Officer as Directed

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Use of Dangerous and Habit Forming Drugs

Charge No. 4 - Failure to Report Change in Residence

**III.**        **SALIENT FACTOR SCORE (SFS-98)**

**Items**        **Rules, Scores and Explanations**

**SFS Item A**    **Rule:**   <u>Prior convictions/adjudications (adult or juvenile)</u>
                        None = 3; One = 2; Two or three = 1; Four or more = 0

            **Score:**   SFS Item A = 0

            **Explanation:** Subject has 9 prior convictions/adjudication

| Date | Offense | Disposition |
| --- | --- | --- |
| 03/12/1980 | Possession Implements of Crime | 6-26-80: 90 days ESS; 1 yr. Probation. (1-0) |
| 07/25/1984 | UCSA Distribution Heroin | 12-19-84, 2 to 6 yrs (2-1); 3 yrs probation; 2-4-87 probation revoked, 2 to 6 yrs imposed. (2-2) |
| 12/09/1985 | UCSA Distribution Heroin | 3-9-88, 4 to 12 yrs (3-3) |
| 12/10/1985 | UCSA Distribution Cocaine | 3-16-88, 20 months to 5 yrs (concurrent to above)(4-3) Paroled 12-6-90. Revoked 12-91 (4-4). Reparoled 12-12-95. Revoked 11-96. (4-5) Reparoled 9-24-97. Revoked 4-20-99. (4-6) Reparoled 2-5-01. |
| 09/15/1993 | Attempted Prison Breach | 5-12-94, 4 Months (5-6) |
| 09/12/1994 | Shoplifting | 10-18-94, 90 days, $300 fine ESS; 1 yr. Probation. (occurred while on escape) (6-6) |

Ford Exhibit Q

 

| 01/12/1998 | Shoplifting | 12-7-99: 60 days confinement; ESS 25 day, 1 yr probation. (7-7) |
| 09/25/2001 | Attempted Distribution Heroin | 9-20-02, 1 yr confinement, ESS; 12 months probation; 7-24-03 probation revoked. (8-8) |
| 09/26/2001 | Attempt Distribution of Heroin (33-541) (F 6069-01) | 1 year ESS and 1 year probation on 9/20/02 (9-8); Probation revoked on 7/24/03 and he was sentenced to 1 year with 3 months Supervised Release (9-8); Released on 12/17/03; Revoked on 9/7/04 (9-9); Released on 6/29/05. |

**SFS Item B**    **Rule:**    Prior commitments of more than thirty days (adult or juvenile)
None = 2; One or two = 1; Three or more = 0

   **Score:**    SFS Item B =  0

   **Explanation:** Subject has  9  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

**SFS Item C**    **Rule:**    Age at current offense/prior commitments

| 26 years or more | +3 or less prior commitments | = 3 |
| | +4 prior commitments | = 2 |
| | +5 or more commitments | = 1 |
| 22-25 years | +3 or less prior commitments | = 2 |
| | +4 prior commitments | = 1 |
| | +5 or more commitments | = 0 |
| 20-21 years | +3 or less prior commitments | = 1 |
| | +4 prior commitments | = 0 |
| 19 years or less | +any number prior commitments | = 0 |

   **Score:**    SFS Item C =  1

   **Explanation:** Subject was  49  years old at the commencement of the current offense and had  9  prior commitments.

**SFS Item D**    **Rule:**    Recent Commitment Free Period *(Three Years)*
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1;   Otherwise = 0

   **Score:**    SFS Item D =  0

Ford Exhibit Q



**Explanation:** 11/07/2005 - Date of Current Offense.
06/29/2005 - Release to the Community from last commitment

**SFS Item E**    **Rule:**    Probation/Parole/Supervised Release/Confinement/Escape Status Violator
Neither on probation, parole, confinement, or escape status at the time of the current
offense; nor committed as a probation, parole, confinement or escape status violator
this time = 1; Otherwise = 0

**Score:** SFS Item E = 0

**Explanation:** Subject is a parole/ supervised release violator.

**SFS Item F**    **Rule:**    Older Offenders
If the offender was 41 years or more at the commencement of the current
offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

**Score:** SFS Item F = 1

**Explanation:** Sum of Items A-E = 1   and the offender was 49 years old at the
commencement of the current offense.

**TOTAL SALIENT FACTOR SCORE = 2**

**IV.    Guidelines**
Your violation behavior has been rated Category One severity because it involved administrative
violations. Your salient factor score is 2. Your Reparole Guidelines, established by Commission,
indicate a range of 12 - 16 months to be served.

**V.    Expedited Revocation Proposal**
Your violation behavior makes you eligible to apply for the following expedited procedure. You
may, waive your right to revocation hearing, accept responsibility for your conduct, and consent
to revocation on the record. If you do so, the Commission will take the action indicated on the
attached Response To Expedited Revocation Proposal.

For the Commission to approve your application for this revocation procedure, the U.S. Parole
Commission must receive the completed form within 14 days of the date noted on the cover letter. If
the completed form is not received within 14 days, a revocation hearing will be held and the
proposed action will not be binding on the Commission.

You are under no obligation to apply for the expedited revocation procedure. If you do not wish to
waive your right to a revocation hearing and accept the proposed action, please indicate, on the
Response To Expedited Revocation Proposal., that you decline the proposal. You will be given a
revocation hearing under normal procedures. After your revocation hearing, the Commission, on the
basis of the information available, may take any action authorized by its regulations. Thus, the
action taken by the Commission may be the same, more favorable, or less favorable than the

Ford Exhibit Q

proposed action. The Commission will not take into account the fact that you chose to have a revocation hearing rather than accept the proposed decision.

Ford Exhibit Q



## Response To Expedited Revocation Proposal

**Name:  FORD, KEVIN**          **Reg No: 02076-000**          **DCDC No: 205-159**

### PROPOSED DECISION

Revoke the term of supervised release. You shall serve a new term of imprisonment of 12 months from the date the warrant was executed 08/17/2006. You shall serve a new term of supervised release of 36 months following release from custody.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not warranted.

---

☑ I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

☐ I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

☐ I wish to request a 14-day extension to consider this proposal.

_Mr. Kevin Ford_
Signature                          Date  10 - 19 - 2006

_[Witness signature]_
Witness                          Date  10 - 19 - 06

_By accepting this expedited offer Mr. Ford is not waiving his jurisdictional challenge to being under the supervision of the Parole Commission. Mr. Ford requests a review of the time calculation and the time he has served._

Expedited Revocation Proposal FORD KEVIN 02076-000

_with this agreement, Mr. Ford notifies the Parole Commission that he was charged with shoplifting in August 2006. Case #: 2006 CMD 016313_

Ford Exhibit Q

# Exhibit R

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: FORD, Kevin
Register Number: 02076-000
DCDC No: 205-159

Institution: D.C. Correctional Treatment Facility

Date:    October 24, 2006

### DC SRAA EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited
Revocation Proposal you signed on 10/19/2006:

Revoke the term of supervised release. You shall serve a new term of imprisonment of 12 months from the
date the warrant was executed 08/17/2006. You shall serve a new term of supervised release of 36 months
following release from custody.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that
you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the
treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and
examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from
the use of alcohol and all other intoxicants during and after the course of treatment.

### NOTE:

The Commission has reviewed your time computation and determined that it continues to have
jurisdiction to revoke your term of supervised release and impose a new term of imprisonment. In
addition, the Commission acknowledges your arrest in August 2006 for Shoplifting. However, this charge
did not form part of the basis for the Commission's warrant. In addition, because you spent 15 days or less
in custody on that criminal charge prior to the execution of the Commission warrant, the Commission
would not credit you with any time in custody prior to the execution of the warrant, even if the charge had
been added to the warrant application.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Report to Supervising Officer as Directed

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Use of Dangerous and Habit Forming Drugs

Charge No. 4 - Failure to Report Change in Residence

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your
agreement to accept revocation.

Queued: 10-24-2006 12:54:09 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Un
Health Unit-Team 54, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Co
Columbia, District of Columbia - DC |

Ford Exhibit R

**REASONS:**

Your violation behavior has been rated Category One severity because it involved administrative violations. Your salient factor score is 2 (see attached sheet). Guidelines established by Commission, indicate a range of 12 - 16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Jessica Siegll
        Mental Health Unit Team 54
        CSOSA
        300 Indiana Avenue, N.W., Rm 2009
        Washington, D.C. 20001

        Mona Asmer
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin



Ford Exhibit R

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**    **Salient Factor Score (SFS-98) Item Explanations**

0    A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0    B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0    D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile); or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0    E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1    F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

2    Salient Factor Score (SFS-98) (sum of points for A-F above)

| Points for SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | ½ | 0 |
| 0-19 | 0 | 0 | 0 |

---

Queued: 10-24-2006 12:54:09 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Mental Health Unit-Team 54, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

Ford Exhibit R

# Exhibit S

Back

# SMART
## Field Supervision - Running Record

Page 11

**Offender Data**

Name: KEVIN FORD
PDID: 312-985
DCDC: 205-159
FBI: 221174V6
SSN: 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

CSO Name: Stigall, Jessica - CSO
Location: III /54
DOB: 4/28/1956

Printed By: Stigall, Jessica - CSO
Date/Time: 12/27/2005 3:25:29 PM

**Contact Data**

| Contact Date | Next Contact Date/Time | Type of Contact | Contacted By | Contact With | Location | Purpose |
|---|---|---|---|---|---|---|
| 8/4/2004 | - | E-Mail | Khan, Saher | U.S. Parole Comm | Supervision Office | Case Review |
| Notes: | Received e-mail notice from USPC Staff, Pat Bennett indicating that the offender is scheduled for a local revocation hearing on 9/1/04 to which this CSO responded in acknowledgment that CSO will attend the hearing. |||||||
| 8/2/2004 | - | Fax | Khan, Saher | Other Person | Supervision Office | Case Review |
| Notes: | Received PD-163 Report indicating that the offender's parole warrant was executed on 7/23/04. |||||||
| 7/19/2004 | - | Telephone | Khan, Saher | Law Enforcmt Officer | Supervision Office | Case Review |
| Notes: | Called the Marshal's Service and spoke to Deputy Rea. Advised him that warrant is not found in NCIC. He indicated that there's two parts to entering warrant in the system and that his warrant is showing up as active in his system. However, it was missed being entered into ncic. He indicated that he just entered the information so now it should reflect the outstanding warrant. |||||||
| 7/15/2004 | - | WALES/NCIC | Khan, Saher | None | Supervision Office | Warrant Check |
| Notes: | WALES/NCIC check conducted. Parole warrant not reflected. Attempted to contact the Marshall Service by phone to inquire if warrant has been executed since it is not showing up in the WALES/NCIC system and JACCS does not reflect that the offender is in custody. However, the phone lines at the AFU are not currently operable. Warrant Application dated, 2/17/04 is enclosed in the case file. |||||||
| 6/10/2004 | - | Field Note | Khan, Saher | None | Supervision Office | Case Review |
| Notes: | Warrant application dated, 2/17/04. |||||||
| 5/9/2004 | - | Field Note | Harris, Sondra | No Contact | Alternative Worksite | Case Review |
| Notes: | SCSO conducted monthly case audit - e-mail updates due 5/18/04. |||||||
| 5/5/2004 | - | Telephone | Khan, Saher | Law Enforcmt Officer | Supervision Office | Collateral Contact |
| Notes: | Contacted US Marshall, Chris Morgan at 202-439-9122. Provided him with the offender's last known addresses. |||||||
| 5/5/2004 | - | Voice Message | Khan, Saher | Law Enforcmt Officer | Supervision Office | Case Review |
| Notes: | CSO received a voice message from Chris Morgan, US Marshall. He requested CSO to call him at 202-439-9122 to provide him info about offender's possible hang-outs so that his parole warrant can be executed. Previously CSO had received a PD-163 Arrest Report which was inadvertently construed by this officer as the execution of the offender's parole warrant. Upon closer scrutiny, this officer discovered with SCSO Harris's assistance that the PD-163 Failure To Appear Warrant was actually for failing to appear for a probation violation hearing in US District Court. |||||||
| 4/15/2004 | - | Field Note | Khan, Saher | None | Supervision Office | Case Review |
| Notes: | Parole warrant executed. |||||||
| 3/19/2004 | - | Fax | Khan, Saher | None | Supervision Office | Case Review |
| Notes: | PD-163 Arrest Report received indicating that warrant was executed. |||||||
| 3/11/2004 | - | Telephone | Khan, Saher | Law Enforcmt Officer | Supervision Office | Case Review |
| Notes: | Received a call back from Deputy Frye. He inquired inwhich location the offender was arrested on his Attempted Distribution of Herion Charge. CSO informed him that it was on the 600 Block of Division Ave NE. |||||||
| 3/11/2004 | - | Telephone | Khan, Saher | Law Enforcmt Officer | Supervision Office | Consultation |
| Notes: | Received voice message from United States Marshall, Mike Frye. He indicated that the offender's parole warrant case has been assigned to him. He requested CSO to call back at 202-353-0620. CSO inquired with SCSO Harris whether this Marshall should be directed to speak with Mr. Rush or Mr. Williams regarding this info. She indicated that he probably just needs address info and it's okay for CSo to call him back. CSO attempted to reach Mr. Frye but instead reached his co-worker, Deputy Clark who requested address info. CSo provided the address' of the two places where the offender is known to frequent. |||||||

*The information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C. §552a (2000)*

Ford Exhibit S

Back

# SMART
# Field Supervision - Running Record

Page 12

**Offender Data**

| | |
|---|---|
| **Name:** KEVIN FORD | **CSO Name:** Stigall, Jessica - CSO |
| **PDID:** 312-985 | **Location:** III /54 |
| **DCDC:** 205-159 | **DOB:** 4/28/1956 |
| **FBI:** 221174V6 | |
| **SSN:** 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 | |

**Printed By:** Stigall, Jessica - CSO
**Date/Time:** 12/27/2005 3:25:29 PM

## Contact Data

| Contact Date | Next Contact Date/Time | Type of Contact | Contacted By | Contact With | Location | Purpose |
|---|---|---|---|---|---|---|
| 3/9/2004 | - | In Person | Khan, Saher | Law Enforcmt Officer | Supervision Office | Case Review |
| **Notes:** | Provided 6th District Warrant Squad Officer Callahoun with Case Presentation of the offender. | | | | | |
| 2/26/2004 | - | Letter | Khan, Saher | U.S. Parole Comm | Supervision Office | Case Review |
| **Notes:** | Received Warrant Application dated, 2/17/04. | | | | | |
| 2/10/2004 | - | Letter | Khan, Saher | U.S. Parole Comm | Supervision Office | AVR |
| **Notes:** | SCSO Harris reviewed and approved RAV. RAV along with supporting documentation forwarded to USPC. A warrant has been requested. | | | | | |
| 2/6/2004 | - | Telephone | Khan, Saher | U.S. Parole Comm | Supervision Office | Case Review |
| **Notes:** | Contacted USPC. Spoke to Dwight Johnson. Requested the parole certificate of the offender. He indicated that CSO would need to speak with Scott Kubic. CSO advised him that a message was left for him as well. Explained to him that this offender never reported for supervision and in order to forward the Alleged Report of Violations Report, CSO needs a copy of the parole cert. He indicated that he would pull the jacket and fax it over when gets it. | | | | | |
| 2/5/2004 | - | Telephone | Khan, Saher | Other Person | Supervision Office | Case Review |
| **Notes:** | Contacted the DC jail Records Office. Inquired whether a copy of the offender's release cert. could be obtained. She indicated that the last time the offender was in CDF is back in October 2003 and he waas released to the Marshalls and that all his records were given to Marshalls. | | | | | |
| 2/4/2004 | - | Telephone | Khan, Saher | Other Person | Supervision Office | Case Review |
| **Notes:** | Consulted with Debra Kafami. Advised her that there was no release cert. in the file. She indicated that there was no release cert. sent by USPC and that typically the offender's sign it at the institution and then bring it in. She indicated that Marie Estell-Sunkin would get connected with the Institution to see if they have a copy of the cert. and she will contact this officer back. | | | | | |
| 2/4/2004 | - | Voice Message | Khan, Saher | U.S. Parole Comm | Supervision Office | Case Review |
| **Notes:** | Left a message for Case Analyst, Scott Kubic. Requested a copy of the offender's Parole Certificate. | | | | | |
| 2/3/2004 | - | WALES/NCIC | Khan, Saher | None | Supervision Office | Warrant Check |
| **Notes:** | RAV completed. w ll submit violation report to SCSO Harris for review and submission to USPC. Another WALES/NCIC check conducted. | | | | | |
| 2/3/2004 | - | Telephone | Khan, Saher | Offender | Supervision Office | Consultation |
| **Notes:** | Offender called around 9AM to state that he will report in and he is having problems. He indicated that he would report today at 11:00AM. Offender never reported. | | | | | |
| 2/3/2004 | - | Telephone | Khan, Saher | Other Person | Supervision Office | Collateral Conta 1 |
| **Notes:** | This officer called the Howard University's main # (202) 865-6100. Requested to be transferred to Patient Information to confirm that offender has been discharged from the hospital. CSO was transferred to Medical Records. CSO spoke with Ethel who indicated that the offender was admitted on 1/24/04 and discharged on 1/29/04. | | | | | |
| 2/3/2004 | - | Telephone | Khan, Saher | Other Person | Supervision Office | Consultation |
| **Notes:** | Offender FTR yesterday and failed to call this officer to provide any further information about his whereabouts or new address. A call was placed to the room where he was staying at the Howard University Hospital at (202) 865-5434. CSO was advised by unidentified male that Kevin Ford was no longer staying there. | | | | | |
| 2/2/2004 | - | Voice Message | Khan, Saher | Offender | Community | Case Review |
| **Notes:** | Retrieved message this morning from Kevin Ford. Message left on Friday, 1/30/04 at 3:41PM. CSO on CDO on Friday. He indicated that he has been released from the hospital and he plans to report to CSO's office on Monday. | | | | | |
| 2/2/2004 | - | Voice Message | Khan, Saher | Other Person | Supervision Office | Case Review |
| **Notes:** | Retrived a message this morning left by unidentified female. Message was left on Friday, 1/29/04 at 7PM. The female indicated that a notice was sent in the mail for Kevin Ford to the address of 1600 Kenilworth Avenue NE and that he does not reside at this address. | | | | | |
| 2/2/2004 | - | Voice Message | Khan, Saher | Offender | Health Care Center | Case Review |
| **Notes:** | Retrived a message from Kevin Ford this morning. The message was left on Thursday, 1/29/04 at 4:48PM. He indicated that he wasjust checking with CSO and that it looks like he will be discharged | | | | | |

The information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C. §552a (2000)

Ford Exhibit S

Back

# SMART
## Field Supervision - Running Record

Page 13

### Offender Data

Name: KEVIN FORD
PDID: 312-985
DCDC: 205-159
FBI: 221174V6
SSN: 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

CSO Name: Stigall, Jessica - CSO
Location: III /54
DOB: 4/28/1956

Printed By: Stigall, Jessica - CSO
Date/Time: 12/27/2005 3:25:29 PM

### Contact Data

| Contact Date | Next Contact Date/Time | Type of Contact | Contacted By | Contact With | Location | Purpose |
|---|---|---|---|---|---|---|
| 2/2/2004 | - | Voice Message | Khan, Saher | Offender | Health Care Center | Case Review |

Notes: Retrived a message from Kevin Ford this morning. This message was left on Thursday, 1/29/04 at 4:48PM. He indicated that he wasjust checking with CSO and that it looks like he will be discharged from the hospital to mmorow.

| 1/29/2004 | - | Telephone | Khan, Saher | Offender | Health Care Center | Consultation |

Notes: Received a call from Kevin Ford. He indicated that he remains in the hospital at this time.

| 1/28/2004 | - | Telephone | Khan, Saher | Offender | Supervision Office | Consultation |

Notes: Offender was scheduled to report by 9:00AM this morning. He FTR. But CSO received a call from a man who identified himself as Kevin Ford and indicated that he knows he needed to report in for supervision and that he was admitted to the Howard University Hospital three days ago for acute cellulites; blood clot history; and poor circulation. While talking with the offender, the phone hung up. CSO then immediately obtained the # of Howard Uinversity Hospital; (202) 865--6100. Contacted the ER S aff to verify that he is in the hospital. CSO was advised that he is at 4 E and CSO will be transferred to that floor so that CSO can be connected to his room. CSO connected to the offender's room. He advised that he is in room 434 and his room phone #'s are (202) 865-5434 and (202) 865-5486. CSo instructed him to contact this officer daily to provide an update on his condition and that he will begiven an appt for supervision before he leaves the hospital.

| 1/20/2004 | - | Home Visit | Khan, Saher | Other Relative | Residence | Loss of Contact |

Notes: Home Visits conducted to offender's release address as well as the address where his wife, Janice resides (where he is known to frequent). CSo Rashid Tahir accompanied this officer to both home visits. At his Wife's Address, this officer met his son, Bryant and his Daughter, Tamika. The offender was not at this home during the home visit. CSo left his Notice of Appt Letter with his Son, Bryant and requested him to pass the Notice on to the offender if he comes in contact with him. Also, visited the offender's original release address where his Sister-In-Law already indicated that he does not reside. No answer at the door after several knocks. Left the Notice of appt Letter attached to the door in the event the offender stops at that home.

| 1/20/2004 | - | Field Note | Khan, Saher | None | Supervision Office | Loss of Contact |

Notes: Letter to Report (Certified) mailed to the offender's release address and also to his Wife's home where he is known to occasionally visit.

| 1/20/2004 | - | Telephone | Khan, Saher | Other Person | Supervision Office | Consultation |

Notes: Called the offender's Wife's phone in attempt to get in touch with Mr. Ford. The offender's son answered. He identified himself as Brian Ford. He indicated that his father does not live here but visits from time to time and that he advised him to contact his Parole Officer after he was told by his relative Keisha that this CSO called to pass on contact info with request that he call this officer.

| 1/14/2004 | - | Field Note | Mason, Sherron | No Contact | CSOSA | Case Assignment |

Notes: Case file made and forwarded to CSO Saher Khan (PSA 601)

| 1/14/2004 | - | WALES/NCIC | Khan, Saher | None | Supervision Office | Warrant Check |

Notes: WALES/NCIC; CIS; JACCS check conducted. Also conducted BOP website check. The offender's correct FBI # is 221174V6. No warrant found in system. It does not appear that the offender is being detained or new arrests noted. His release date is noted as 12/17/03.

| 1/14/2004 | - | Telephone | Khan, Saher | Child | Supervision Office | Consultation |

Notes: Attempted to reach he offender's Wife, Janice Ford in attempt to get in touch with the offender. His oldest daughter, Tamika Ford answered. She indicated that he does not stay there but comes by time to time and she is very close to him. She indicated that she gave her father money to report to his Parole Office. Furthermore, she advised that he is supposed to be staying with his sister, Kathy Woodall for whom she does not have contact info. off hand but her mother, Janice does. She indicated that she will try her best to give this officer's contact info. to him and call back as well.

| 1/14/2004 | - | Telephone | Khan, Saher | Sister-in-Law | Supervision Office | Case Review |

Notes: Spoke to Sister-In-Law, Lisa. She indicated that she has not seen the offender in some time. Furthermore, that he does not reside there. CSO inquired if she is considered the Lease Owner. She

The information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C §552a (2000).

Ford Exhibit S

Back

# SMART
## Field Supervision - Running Record

Page 14

**Offender Data**

Name: KEVIN FORD
PDID: 312-985
DCDC: 205-159
FBI: 221174V6
SSN: 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

CSO Name: Stigall, Jessica - CSO
Location: III /54
DOB: 4/28/1956

Printed By: Stigall, Jessica - CSO
Date/Time: 12/27/2005 3:25:29 PM

## Contact Data

| Contact Date | Next Contact Date/Time | Type of Contact | Contacted By | Contact With | Location | Purpose |
|---|---|---|---|---|---|---|
| 1/14/2004 | - | Telephone | Khan, Saher | Sister-In-Law | Supervision Office | Case Review |
| **Notes:** | Spoke to Sister-In-Law, Lisa. She indicated that she has not seen the offender in some time. Furthermore, that he does not reside there. CSO inquired if she is considered the Lease Owner. She indicated that she is on the lease. | | | | | |
| 1/12/2004 | - | Telephone | Khan, Saher | Sister-In-Law | Supervision Office | Collateral Contact |
| **Notes:** | Called offender's home. His Sister-In-Law, Lisa indicated that he was not at home. CSo provided her with this officer's contact info. and requested that he be instructed to call this officer back. | | | | | |
| 11/24/2003 | - | Field Note | Kiely, Matthew | Chambers | CSOSA | Case Closure |
| **Notes:** | S.E...This officer reviewed, approved, and submitted Post-Sentence report to Ellen Turner. PSI report is now completed. See "Investigations" tab for completed Post-Sentence report. | | | | | |
| 11/5/2003 | - | In Person | Yancey-Rogers, Valerie | Offender | Jail | PSI |
| **Notes:** | PSI Interview completed. | | | | | |
| 11/5/2003 | - | Voice Message | Yancey-Rogers, Valerie | Law Enforcmt Officer | Jail | PSI |
| **Notes:** | Left message for Dan Ryan, offender's case manager at The Montgomery County Detention Center in Clarksburg, Maryland. | | | | | |
| 11/4/2003 | - | Voice Message | Yancey-Rogers, Valerie | Law Enforcmt Officer | Supervision Office | PSI |
| **Notes:** | Left message for Larry Reynolds USMS in re to interviewing offender per SCSO Kiely. | | | | | |
| 11/3/2003 | - | E-Mail | Yancey-Rogers, Valerie | Co-Worker | Supervision Office | PSI |
| **Notes:** | Received e-mail from Ellen Turner stating offender will not be returned to CDF. | | | | | |
| 10/30/2003 | - | E-Mail | Yancey-Rogers, Valerie | Co-Worker | Supervision Office | PSI |
| **Notes:** | Received e-mail from CSA Ellen Turner confirming offender was transferred to a Montgomery County facility on 10/9/03 due to overcrowding at D.C. Jail. | | | | | |
| 10/24/2003 | - | E-Mail | Yancey-Rogers, Valerie | SCSO | Supervision Office | PSI |
| **Notes:** | Forwarded e-mail to SCSO Kiely advising him of offender's location. | | | | | |
| 10/24/2003 | - | Voice Message | Yancey-Rogers, Valerie | Law Enforcmt Officer | Supervision Office | PSI |
| **Notes:** | Left message with Supervisor Brooks of U.S. Marshal Service in re to offender's location 202-626-8556. | | | | | |
| 10/23/2003 | - | Voice Message | Yancey-Rogers, Valerie | US Attorney | Supervision Office | PSI |
| **Notes:** | Left message for AUSA Alberg. | | | | | |
| 10/23/2003 | - | Telephone | Yancey-Rogers, Valerie | Attorney | Supervision Office | PSI |
| **Notes:** | Left message for Defense Attorney Corrine Shultz. | | | | | |
| 10/23/2003 | - | WALES/NCIC | Yancey-Rogers, Valerie | No Contact | Supervision Office | Investigation |
| **Notes:** | JAACS states offender was released ot US Marshal Service ; however, BOP locator indicates he is not in a federal institution. | | | | | |
| 10/23/2003 | - | In Person | Yancey-Rogers, Valerie | Treatment Specialist | Jail | PSI |
| **Notes:** | Made attempt to interview offender; advised he is not at facility. | | | | | |
| 10/22/2003 | - | In Person | Yancey-Rogers, Valerie | Treatment Specialist | Jail | PSI |
| **Notes:** | PSI interview attempted; advised that offender is in court today. | | | | | |
| 10/10/2003 | - | Telephone | Yancey-Rogers, Valerie | Co-Worker | Supervision Office | PSI |
| **Notes:** | Confirmed Post Sentence Request with Ellen Turner. | | | | | |
| 10/9/2003 | - | Voice Message | Kiely, Matthew | Other Person | CSOSA | Case Assignment |
| **Notes:** | S.E...This officer received case assignment on 10-7-03. Does not appear to be a PSI ordered. Offender recently had his probation revoked (F6069-01). Was sentenced to 1 year in jail. This officer called Ellen Turner (585-7429) and left voice mail message seeking confirmation of Post | | | | | |

*The information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C. §552a (2000).*

Ford Exhibit S